WESTERN DIST.

*October,* 1836.

TAYLOR ET AL.
*vs.*
JEFFRIES'
ESTATE.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

TAYLOR ET AL. *vs.* JEFFRIES' ESTATE.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

The term of an administrator is not limited to one year from the date of his appointment. In one class of cases he shall continue to act, until a partition be made among the heirs.

Administrators stand on a different footing, as to the duration of their trusts, from curators of vacant estates, although the law gives them the same powers, and subjects them to the same duties and responsibilities.

Where an appeal is taken by a party, not in the record, and his interest is denied, and does not appear by the original proceedings, the case will be remanded, to inquire into the interest of the appellants.

The plaintiffs have appealed from a final judgment of the Court of Probates, homologating the tableau of distribution of the estate of Richard S. Jeffries, deceased.

They allege that the administrator and administratrix, filed a tableau of final distribution among the creditors of said estate, without placing them thereon, and procured it to be homologated on the 10th of April, 1835, without giving public notice, in conformity with law.

WESTERN DIST.
October, 1836.

TAYLOR ET AL.
vs.
JEFFRIES'
ESTATE.

They further state, that they are privileged creditors of the deceased, for eight or nine hundred dollars, and that they are aggrieved by the judgment, homologating said tableau, and pray an appeal therefrom.

An appeal was granted the 18th of September, 1835, returnable to the Supreme Court, at Alexandria, the first Monday of October, following.

Service of the appeal was made on the attorney in fact, of the administrator, who was temporarily absent.

*Dunbar*, for the appellants, filed the following assignment of errors :

1st. That no evidence was offered of the publication of notice of the tableau, notifying the creditors and others, as required by law.

2d. That the judge of probates erred in homologating said tableau without such evidence ; and in fact it could not have been offered or produced, as no publication was ever made.

On the second day of the October term, 1836, an order was made, on the suggestion of the counsel, for the administrator, that this case be laid over for service, or a new administrator to be appointed.

*Winn*, for the defendants, suggested that the term of the administrator had expired, that he is *funtus officio,* and no suit can be carried on against him. The cause should therefore be continued, until a new administration is appointed, or the heirs are cited in.

*Dunbar*, for the appellants, resisted the motion. These proceedings were commenced during the administrator's term, and are parts of his acts which he is bound to defend. An administrator is bound to defend suits commenced during his term of office, relative to the estate he administers, and proceed with them to final judgment, even after his term expires. He urged that the order laying over this case be set aside. *Louisiana Code,* 1669. 3 *Martin, N. S.,* 603.

2. In this case the appellants have no remedy, if the appeal is not sustained. The tableau will be definitively homologated, their claims excluded, and the other debts all paid.

3. The service of citation was properly made on the attorney in fact of the administrator, appointed to represent him during his temporary absence. *Louisiana Code*, 1144–5.

WESTERN DIST.
*October*, 1836.

TAYLOR ET AL.
*vs.*
JEFFRIES'
ESTATE.

*Bullard, J.*, delivered the opinion of the court.

Early in the term it was ordered that this case be continued for service, it being suggested that the appellees who were cited as administrators of the estate of Jeffries were *functi officiis*. This order was subject to be set aside on a proper showing by the appellants. It appears that the appellees were administrators at the time of service of citation, but it is urged that the years of their administration has since expired, and that they are now without capacity to represent the estate.

The counsel for the appellants has shown that the code makes it the duty of executors, after the expiration of the year of their administration to continue to defend suits brought by or against them until the heir appears. *Louisiana Code, article* 1669. He contends that the same reason applies to curators and administrators, and that nothing in the code forbids it.

We have examined that part of the code which relates to the appointment, powers and duties of administrators of estates, and we do not find that the term of an administrator is limited to one year from his appointment. On the contrary it is provided, at least in one class of cases, that he shall continue to act until a partition be made among the heirs. *Louisiana Code, article* 1044. We are of opinion, therefore, that administrators stand on a different footing, as to the duration of their trust, from curators of vacant estates, although the code gives the same powers, and subjects them to the same duties and responsibilities.

Let the order be rescinded.

*The term of an administrator is not limited to one year from the date of his appointment. In one class of cases he shall continue to act until a partition be made among the heirs.*

*Administrators stand on a different footing, as to the duration of their trusts, from curators of vacant estates, although the law gives them the same powers and subjects them to the same duties and responsibilities.*

WESTERN DIST.
October, 1836.

*Winn*, for the appellees, then moved to dismiss this case, because the appellants did not show that they had any interest in the matter embraced by the record.

*Dunbar*, contra, contended, that the appellants had set forth in their petition of appeal a sufficient interest, and the case should be remanded, to enable them to show it.

*Bullard, J.*, delivered the opinion of the court.

In this case the interest of the appellant is denied, and it is not shown by the record. The question thus presented is one which this court cannot try, and the case must be remanded. 6 *Martin, N. S.*, 306.

It is, therefore, ordered and decreed, that the case be remanded to the Court of Probates, with direction to the judge to inquire into the claim of the appellant to the appeal.