MONTGOMERY OYER AND TERMINER, September, 1862. Before *E. H. Rosekrans*, Justice of the Supreme Court, *R. H. Cushney*, County Judge, and the Justices of the Sessions.

## THE PEOPLE *v.* RICHARD ROE.

The amendment of· the Revised Statutes (*Laws* 1860, *chap.* 271, *p.* 474), as to the time within which indictments must be found, applies to offenses committed before its passage, if no indictment had been then found.

It seems, in this State, the statute of limitations, to be available in a criminal case, should be pleaded.

Form of a plea, to an indictment, of the statute of limitations.

THE defendant was indicted at the Oyer and Terminer, in May, 1862, for false pretenses, alleged in the indictment to have been made at Canajoharie in 1850. When he was arraigned, his counsel stated to the court that, under the old practice in civil cases by statute, the defendant could interpose special pleas without an application to and leave by the court, although the old form was used, that "leave of the court" was "first had and obtained;" but as there was no such statute which applied to criminal cases, he desired leave to interpose the statute of limitations, with the plea of not guilty. The court granted leave; whereupon he pleaded not guilty, and also as follows: "*Second.* And the said Richard Roe, in his own proper person, comes into court here, and having heard the said indictment read, by leave of the court first had and obtained, also says, that the said People of the said State ought not further to prosecute the said indictment against him, the said Richard Roe, because he says the said indictment was found and filed on the 15th day of May, 1862, and that the said indictment was not found or filed in the proper, or in any court, within three years after the commission of the offense in the said indictment specified, although during the whole time since the commission of the said offense he has been and now is an inhabitant of and usually resident within the United States. And this he, the said Richard Roe, is ready to verify; wherefore he prays judgment, and that by the court here he

may be dismissed and discharged from the said premises in the said indictment above specified."

The district attorney demurred to the second plea, and the defendant joined in demurrer.

*J. H. Cook* (District Attorney), for the People.

The plea does not state, nor is it claimed, that the defendant was three years a resident of *this State* after the commission of the offense and before the indictment was found. He also claims that the statute of 1860, which substituted residence in the United States for residence in this State, did not repeal or alter the Revised Statutes as to an offense committed before its passage.

*N. C. Moak*, for the defendant.

I. The plea is good in form and substance. Whenever a statute gives a cause of action or defense, it is sufficient, in declaring upon or pleading the statute, to follow the words of the act; and where the court, in construing a statute, has put an interpretation upon it different from the literal import of its language, it will, of course, be bound to give the same interpretation to the same words when used in a declaration or plea founded upon the statute. (*Cole* v. *Jessup,* 10 *N. Y. R.*, 103, 104.)

II. By the Revised Statutes, as amended by chapter 271 of the Laws of 1860 (p. 474), the indictment must be found and filed within three years after the commission of the offense, except that the time " during which the defendant shall not have been an inhabitant of or usually resident within the *United States,* shall not constitute any part of the said limitation of three years."

III. The proper method of raising the question is by pleading the statute of limitations.

It is true that in *The State* v. *Roach* (2 *Haywood N. C. R.,* 552), in a case of counterfeiting, the indictment was quashed, in which the day of the month on which the offense was committed was omitted in the indictment.

The People *v.* Roe.

So in *State* v. *Beckwith* (1 *Stewart Ala. R.*, 318), it was held that "a day when a crime was committed must be laid in the indictment; and when the date is left blank, and it does not appear whether the statute of limitations bars the prosecution or not, judgment will be arrested.

So in *McLane* v. *The State* (4 *Geo. R.*, 335), "where an indictment showed upon its face that it was barred by the statute of limitations, and did not show on its face anything by which the effect of the statute could be avoided, the judgment was arrested."

In this State, however, the rule is different, and although the indictment shows the offense to be barred by the statute, judgment will not be arrested, but the statute must be pleaded and advantage taken of it on the trial.   There is considerable question whether the defendant can avail himself of its provisions on the trial unless pleaded. (*People* v. *Van Santvoord*, 9 *Cow. R.*, 655; *Commonwealth* v. *Hutchinson*, 2 *Parsons R.*, 453; *Whart. Am. Cr. L.*, 4th ed., § 445.)

IV. Although the offense was committed prior to the passage of the act of 1860, the indictment, being found subsequent to its enactment, is barred by the statute.   In a civil case, the legislature can abridge the time within which an action must be brought, if it be not so shortened that practically no time is left the creditor within which to prosecute his claim.   Here he must be left a reasonable time, because he has a vested right to his demand, which the law makers cannot entirely destroy.   In criminal cases, *individuals*, as such, have no rights to prosecute, and whether or not the offender shall be punished, is simply a question for the government.   At common law, the legislature, by special acts, could pardon offenders even after conviction, and they still have power to say what offenses shall be the subject of prosecution.   If they can enact that an offender, after conviction, shall be pardoned, why can they not provide that, unless the prosecution is commenced within a certain time, the offender shall, in effect, be pardoned?   The statute of limitations is justly called a statute of repose.   It is designed to prevent prosecutions after the witnesses to a

transaction may have died or forgotten the facts. The government being the only party in interest, can bar itself whenever and as it chooses. (*Morse* v. *Gould*, 11 *N. Y. R.*, 288; *Smith's Statutory Const.*, §§ 166, 167, 168, 169; *Bay* v. *Gage*, 36 *Barb. R.*, 447; *Commonwealth* v. *Hutchins*, 2 *Parsons R.*, 453; *Whart. Am. Cr. Law*, 4th ed., § 446.)

In the *People* v. *Hartung* (22 *N. Y. R.*, 96), it was held that "the repeal of a law imposing a penalty, although it takes place *after conviction*, arrests the judgment; and where the repeal is *after judgment*, the judgment is to be reversed upon writ of error."

*Cook*, in reply: In this case, the defendant was in California until shortly before the indictment was found. It was found as soon as practicable after his return.

ROSEKRANS, J. An indictment might have been found the first term after the commission of the offense. It was not material, so far as the finding and presentment of the bill was concerned, where the defendant might be. The finding and presentment of this indictment is all the statute requires to save the rights of the people. We are of opinion that the plea is good, and there must be judgment for the defendant.[1]

---

SUPREME COURT. Orange General Term, September, 1862.
*Emott, Lott, Brown* and *Scrugham*, Justices.

---

[1] As to the methods by which the defendant can avail himself of the statute of limitations, see *Whart. American Crim. Law* (4th ed., §§ 436–449, 545).