## Court of Appeals.

May 4, 1897.

## PEOPLE v. GEORGE NELSON.

1. SEDUCTION—LIMITATION.

The two years' limitation for the finding of an indictment for seduction under promise of marriage begins to run from the time of the commission of the first offense between the parties, notwithstanding the prosecutrix is then only fifteen years of age.

2. SAME.

A woman can be seduced but once under §§ 284 and 285 of the Penal Code.

3. SAME—AGE OF CONSENT.

The age of consent, fixed by § 278 of the Penal Code, does not apply to the crime of seduction under promise of marriage.

4. SAME—PREVIOUS CHASTE CHARACTER.

The term "previous chaste character," as used in § 284 of the Penal Code, does not mean reputation for chastity but actual, personal virtue.

APPEAL from a judgment of the general term affirming a judgment of the general term affirming a judgment of quarter sessions convicting him of seduction, entered on the verdict of a jury.

On the 27th of September, 1893, the defendant was indicted "for that the said George Nelson, on or about the 7th day of December, 1892, and on divers other times before and after that date, * * * under promise of marriage, did feloniously, wrongfully, and willfully seduced and have sexual intercourse with one Fannie A. Moore, * * * then and there being an unmarried female of previous chaste character." In June, 1895, he was tried, convicted, and sentenced to state's prison for the term of three years. He appealed to the general term of the supreme court, which affirmed the judgment, and he now appeals to this court. Further facts appear in the opinion.

Thornton A. Niven, for appellant.

George McLaughlin, for respondent.

VANN, J.—In March, 1891, when the defendant was twenty years of age and the prosecutrix was fifteen he asked her to marry him, and she said that she would if her parents would consent. On the 2d of August following, he proposed sexual intercourse, which she at first refused, but upon his promise to marry her "if anything happened," as soon as she discovered that she was pregnant, she finally consented. From that time until March, 1893, he had connection with her every two or three months, and on each occasion, according to her statement, before the act, he promised to marry her "if he got her into trouble." On the 11th of February, 1892, the day that she became sixteen years old there was a mutual promise to marry, without any condition. After this, however, the same as before, each act of sexual intercourse was preceded by a promise exacted by her that he would marry her if she became pregnant. The first time that he had to do with her after she was sixteen was on the 4th of July, 1892. As the indictment was not presented until September, 1893, or more than two years after the first act of sexual intercourse, the defendant insisted upon the trial, and insists upon this appeal, that his conviction was barred by the limitation prescribed by section 285 of the Penal Code. He further claims, and the point was distinctly made at the trial, that, if any subsequent act is relied upon to convict, it does not satisfy the statute, because at that time the prosecutrix had ceased to be chaste. The position of the people upon the subject is that all intercourse with the prosecutrix before she became sixteen is conclusively presumed to have been without her consent, because, by the statute then in force, the "age of consent" was sixteen years, and, accordingly, they seek to avoid the bar of the statute by basing the conviction on the first act of intercourse that occurred after she became of that age.

Seduction under promise of marriage was not a crime at common law, but was made such by chapter 111 of the Laws of 1848. This statute was substantially re-enacted in the Penal Code, which provides that "a person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character, is punishable by imprisonment for not more than five years, or by a fine of not more than one thousand dollars, or by both." Pen. Code, § 284. By the next section it is provided

that " the subsequent intermarriage of the parties, or the lapse of two years after the commission of the offense before the finding of an indictment, is a bar to a prosecution for a violation of the last section." Id. § 285. No age of consent is mentioned in any of the sections relating to the subject of seduction, but the statute which defines the crime of rape provided, at the time the offense in question is alleged to have been committed, that "a person who perpetrates an act of sexual intercourse with a female not his wife, under the age of sixteen years, under circumstances not amounting to rape in the first degree, is guilty of rape in the second degree, and punishable with imprisonment for not more ten years." Laws 1892, c. 325, amending section 278 of the Penal Code. In 1895 the section was further amended so as to increase the limit of age, as applied to rape, to the period of eighteen years, although under the Revised Statutes it was but ten years. Laws 1895, c. 460; 2 Rev. St. (4th Ed.) p. 849, § 22. The only other statute relating to the subject of age, as applied to the relations of the sexes, is the Code of Civil Procedure, which provides that an action may be maintained by a woman to annul her marriage when she had not attained the age of sixteen at the time of the marriage, and it took place without the consent of one having legal charge of her person, was not followed by consummation or cohabitation, and was not ratified after she attained the age of sixteen years. Code Civ. Proc. § 1742. None of these limitations upon the power to consent have been expressly applied by statute to the crime of seduction, and we have no power to extend them by implication to an offense that is purely statutory. Penal statutes must be strictly construed, and cannot be extended to cases that are not clearly covered thereby. An essential element in the crime of seduction is the consent of the female, founded upon a contract to marry, and plain language on the part of the legislature would be necessary to permit us to hold that the prosecutrix, although old enough to make that contract, was not old enough to consent to the defendant's advances. People v. Alger, 1 Parker, 333; Crozier v. People, Id. 453, 456. This is especially true since, by another section of the same statute, an act of sexual intercourse with a female under sixteen, whether chaste or not, even with her consent and without any promise of marriage, was made a crime of a graver

nature. As protection was thus afforded to girls under the pre-scribed age by the severe punishment imposed for rape, it is not probable that the legislature intended to import the age limit into the seduction, because there was no necessity for it, and nothing to indicate any intention to do so. If the people had seen fit to prosecute the defendant for rape committed upon the prosecutrix prior to February, 1892, neither the presence nor the absence of consent would have been material, except as to the degree merely; and the statute of limitations would have been five years instead of two. Cr. Code, § 142. As they did not do so, but proceeded against him for another crime, quite distinct in theory and nature, they must be limited to that crime, and cannot be allowed to add an element from another offense, in order to avoid the statute of limitations. It follows, therefore, that, according to the testimony of the prosecutrix, her seduction was accomplished on the 2d of August, 1891, or more than two years before the indictment was found. It is true that subsequently, and within the period of two years, there were further acts of intercourse, based on concurrent as well as prior promises to marry. We think, however, that a woman can be seduced but once, at least under the statute in ques-tion, and that the first voluntary act on her part, after she is able to understand its nature and comprehend its enormity is the only one in which she can participate as a victim.

In Cook v. People, 2 Thomp. & Co. 404, the indictment con-tained two counts for seduction under promise of marriage, one charging the offense to have been committed July 2d, and the other August 19th. In reversing the conviction, the court said: " An important requisite to the offense charged is that the female against whom it is alleged to have been committed shall have been of a previously chaste character. The requisition of the statute, it is held, relates not to the reputation of the prosecutrix, but to her actual condition, and requires absolute personal chastity. It is therefore impossible that the offense be twice committed against the same female. If she has once consented to and willingly per-mitted sexual intercourse with herself, she no longer possesses that chaste character required by the statute as an essential ingre-dient of the offense." In another case, where the illicit intercourse between the prosecutrix and defendants began four or five years

before the indictment was found, and continued within two years. of that date, it was held not to be a case of seduction within two years previous to the finding of the indictment, and not to be within the statute. The court said : " If the illicit intercourse began four or five years before the indictment, and continued until within two years, the jury should have found for the defendant on the question of seduction within years. It would be a rather loose construction of the statute to hold that a woman who had continued in the practice of fornication with a man for four or five years, and up the time she prosecutes, had been seduced within the last two years. The counsel for the prosecution on the trial seems to have supposed the commission of the crime might be charged, as it were, with a continuance for several years, or that each occasion was a first seduction.   *   *   *   But seduction and the act of illicit intercourse, under certain circumstances, complete the crime, and such a construction is hardly within the spirit of the act, which was not intended to punish illicit cohabitation, but. the seduction of a virtuous female under a promise of marriage." Safford v. People, 1 Parker, 474, 480.   In a case that arose in the state of Michigan, under a similar statute, it appeared that illicit intercourse was had between the parties at short intervals, and as opportunity offered ; and it was held that, to warrant a conviction of seduction for the second or third or later acts, there should be clear and satisfactory proof of reformation, and that the burden of proof in that regard was upon the prosecution.   People v. Clark, 33 Mich. 112.   Our statute does not punish seduction generally, but only when it is committed under promise of marriage, upon an unmarried woman of " previous chaste character."   " Chaste character," as thus used in the statute, does not mean reputation for chastity, but actual personal virtue.   Kenyon v. People, 26 N. Y. 203, 207.   As was said in the case cited, " the female must be chaste in fact when seduced," and " the legislature could only have meant personal qualities that make up the real character "; or, as was said in another case, she " must be actually chaste and pure in conduct and principle, up to the time of the commission of the offense."   Carpenter v. People, 8 Barb. 603, 608.   The same words used in a statute upon the same subject in another state were held to mean the " real moral qualities " of the woman, or her " character

in its accurate sense, and as signifying that which" she "really is." State v. Prizer, 49 Iowa, 531, 532.

The only answer made by the learned counsel for the people to the fact that the prosecutrix had surrendered her chastity more then two years before indictment found is that she was not within the age of consent, and that hence her acts were not unchaste. This argument would have the same force even if the previous intercourse had not been with the defendant, but with some third person. Under the present statute, it would apply to a female eighteen years of age, although she could have made a valid will of personal property at the aged of sixteen. Laws 1867, c. 782; Laws 1895, c. 460. Her favors might be common to all; yet she would be chaste by operation of law. Impure in fact, she would be pure by statute; a Lucretia in the state of New York, but a Messalina everywhere else. We do not think that the legislature meant constructive chastity when it said previous chaste character, but, that it meant chastity in fact, according to the popular sense of that word. Character pertains,to the person, and is the distinguishing mark of what the person is. It is not founded on presumptions of law, but on good conduct and pure thoughts, and only one who is morally and physically pure can be said to have a chaste character, within the meaning of the statute under consideration.

It is insisted that, unless there is a fixed standard by which it can readily be determined when consent will indicate unchastity, such doubt and confusion will arise as may lead to injustice. We think, however, that an ironclad rule, applied inflexibly to all females under a given age, would be harsh, unequal, and unjust. It might lead to the conclusive presumption that a prostitute was chaste simply because she was young, while the same presumption would not extend to an older person, whose feeble mind and ignorance of evil called for the protection of the law. The safer course is to leave the question of capacity to consent where, as we think, the legislature in this class of cases has left it,—to the judgment of a jury, guided by evidence showing the intelligence of the subject, and her ability to distinguish right from wrong.

For these reasons, we think that the defendant was unlawfully convicted, that the judgment should be reversed, and, as the facts cannot be changed, that the indictment should be dismissed.

O'BRIEN, J.—I dissent on the ground that unchastity, within: the meaning of the statute, cannot be imputed to a female in consequence of intercourse involving the crime of rape, whether that crime was the result of violence or of actual or legal incapacity to consent. , The fact that the age of capacity to consent has been enlarged by statute may furnish a good reason for the repeal or modification of the statute defining seduction, but, so long as the statute remains as it is, the age limit for consent concludes the courts.

All concur with VANN, J., for reversal, except O'BRIEN, J., who reads memorandum of dissent.

Judgment reversed.