---

## PEOPLE v. BUSCCOLIERI.

(Court of General Sessions, New York County. February, 1914.)

1. INDICTMENT AND INFORMATION ⬤➔147—DEMURRER—LIMITATIONS.

Under Code Cr. Proc. § 323, providing that a defendant may demur to an indictment, where it appears on the face thereof that it contains matter, which, if true, will constitute a bar to the prosecution, and under section 331, providing that the objections mentioned in section 323 can be taken only by demurrer, where it appeared on the face of an indictment for seduction that more than two years had elapsed since the commission of the offense, the defendant's contention that prosecution was barred by Penal Law (Consol. Laws, c. 40) § 2176, was properly presented by demurrer.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 490–494; Dec. Dig. ⬤➔147.]

2. CRIMINAL LAW ⬤➔152—STATUTE OF LIMITATION—NONRESIDENCE.

Penal Law, § 2176, provides that the lapse of two years after a seduction before the finding of an indictment shall bar prosecution of the offense. Code Cr. Proc. § 143, provides that no time during which a defendant is not resident of the state, or usually so employed, can be counted in making up the limitation. *Held*, that an indictment for seduction may be found more than two years after the commission of the offense, if the defendant has not been resident or employed within the state for two years since such offense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 277; Dec. Dig. ⬤➔152.]

Vittorio Busccolieri was indicted for seduction, and he demurs. Demurrer disallowed.

Charles S. Whitman, Dist. Atty., of New York City (Charles Albert Perkins, of New York City, of counsel), for the People.
Charles A. Ludlow, of New York City, for defendant.

CRAIN, J. The defendant demurs to an indictment which charges him with the crime of seduction under promise of marriage. The crime is charged to have been committed February 28, 1911, and it is alleged that after the commission of the crime the defendant for the space of two years and upwards was not an inhabitant of or usually resident within this state, or usually in personal attendance upon business or employment within the state. A portion of the indorsement upon the indictment states that it was filed on the 3d day of December, 1913. The demurrer recites that it is upon the ground that it appears

---

⬤➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

upon the face of the indictment that this court has no jurisdiction and that the facts as set forth in the indictment disclose that there exists a legal bar to the prosecution, in that—

"the alleged crime of seduction was committed on February 28, 1911, and that the date of filing of said indictment is December 3, 1913, a lapse of two years, nine months and five days between the commission of the alleged crime and the filing of the indictment."

[1] Inasmuch as it appears upon the face of the indictment, apart from the indorsement upon it as to the date of filing, that more than two years have elapsed since the commission of the offense, the defendant's contention is properly presented for decision by demurrer. Code Cr. Proc. §§ 323 and 331.

[2] The demurrant relies upon the provision in section 2176 of the Penal Law that:

"The lapse of two years after the commission of the offense before the finding of an indictment is a bar to a prosecution."

The people do not deny the general applicability to the crime of seduction under promise of marriage of section 2176 of the Penal Law, but rely to sustain the indictment upon the provision in section 143 of the Code of Criminal Procedure that "* * * no time during which the defendant is not an inhabitant of or usually resident within the state, or usually in personal attendance upon business or employment within the state, is part of the limitation," and contend that section 2176 of the Penal Law must be read in conjunction with section 143 of the Code of Criminal Procedure.

The question for decision is: Is this contention sound? If so, the time during which the defendant was not an inhabitant of or usually resident within the state, or usually in personal attendance upon business or employment within the state, must be excluded in computing the time elapsing between the commission of his offense and the finding of the indictment demurred to and the demurrer as a consequence disallowed.

The Penal Law with respect to the crime of seduction under promise of marriage enacts in section 2175 that:

"A person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character, is punishable by imprisonment for not more than five years, or by the fine of not more than $1,000, or both."

It further enacts, in section 2176, above referred to, that:

"The subsequent intermarriage of the parties, or the lapse of two years after the commission of the offense before the finding of an indictment, is a bar to a prosecution for a violation of this section."

And it further enacts in section 2177 that:

"No conviction can be had for an offense specified in the last section, upon the testimony of the female seduced, unsupported by other evidence."

The Code of Criminal Procedure enacts in section 141 that:

"There is no limitation of time within which a prosecution for murder must be commenced. It may be commenced at any time after the death of the person killed."

It enacts in section 142 that:

"An indictment for a felony, other than murder, must be found within five years after its commission, except where a less time is prescribed by statute. And an indictment for misdemeanor must be found within two years after its commission."

It enacts in section 143 that:

"If, when the crime is committed, the defendant be without the state, the indictment may be found within the term herein limited after his coming within the state; and no time during which the defendant is not an inhabitant of or usually resident within the state or usually in personal attendance upon business or employment within the state is part of the limitation."

It further enacts in section 144 that:

"An indictment is found, within the meaning of the last three sections, when it is duly presented by the grand jury in open court, and there received and filed."

To determine whether the provision in section 143 of the Code of Criminal Procedure so relied upon in support of the indictment applies in the case at bar it is necessary to decide (a) whether that section is confined to the limitations named in section 142, or whether it applies as well where in the language of that section "a less time is prescribed by statute"; and (b) if it does, whether a case coming under section 2176 of the Penal Law, which provides as heretofore stated that the lapse of two years after the commission of the offense before the finding of an indictment bars a prosecution is, within the language of section 143, one where a less time is prescribed by statute.

Upon consideration the conclusion is reached that the provision in question in section 143 of the Code of Criminal Procedure applies as well to a case where within the language of section 142 of that Code a less time is prescribed by statute as to cases where the period of limitation is named in that section. This conclusion rests in part upon certain analogies between certain provisions in the Code of Civil Procedure and the provisions in question in the Code of Criminal Procedure, with the consequent effect to be given to the decisions hereinafter mentioned construing such provisions in the former Code, and in part upon what is believed to be identity of reason for applying the provisions of section 143 of the Code of Criminal Procedure as well to cases where within the language of section 142 of that Code, a less time is prescribed by statute as to other cases.

The provisions in the Code of Civil Procedure analogous to those in sections 142 and 143 of the Code of Criminal Procedure are found in sections 401 and 414 of that Code. The analogy is not perfect, because statutes of limitation in criminal cases have a different effect than in civil cases, and because apart from this circumstance the language of the two Codes is not identical. Periods within which civil actions and special proceedings may be commenced are in most instances prescribed in chapter 4 of the Code of Civil Procedure, which contains sections 401 and 414. That Code contains in other chapters certain other periods of limitation applicable to particular causes of action, and apart from such provisions there are still other periods of limitation pre-

scribed by other laws respecting particular causes of action not embraced in this regard within the Code of Civil Procedure. In this chapter (4) it is enacted that its provisions—

"shall apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases: 1. A case where a different limitation is specially prescribed by law," etc.

In the Code of Criminal Procedure there is no similar clause constituting the provisions of the title in which sections 142 and 143 are found (Code Cr. Proc. p. 4, tit. 2), the only rules of limitation applicable to a criminal action. But as that Code applies to criminal actions and to all proceedings in criminal cases which are therein provided for (section 962, Code Cr. Proc.), and regulates the manner of prosecuting and convicting criminals (Penal Code, § 8; Penal Law, § 41), and as the part of the Code of Criminal Procedure in which sections 141, 142, 143, and 144 are found applies to all criminal actions prosecuted by indictment, except as otherwise provided in such sections, and thus to all criminal actions, except impeachment proceedings, proceedings for the removal of certain officers, crimes arising in the militia when in actual service, and minor offenses not amounting to misdemeanors cognizable in Police or Magistrates' Courts (Code Cr. Proc. § 4), the scope of the title in question in its relation to criminal actions is substantially as broad as it would have been, had it been prefaced by a provision similar to that alluded to as found in chapter 4 of the Code of Civil Procedure to the effect that its provisions should apply to and constitute the only rules of limitation applicable in criminal actions except as therein provided.

If, in further consideration of the relative scope of chapter 4 of the Code of Civil Procedure and title 2 of part 4 of the Code of Criminal Procedure, we inquire what, if any, are the express limitations upon their application as in such provisions respectively contained, we will see that the exceptions as enumerated in chapter 4 to its application are more numerous and broader than is any provision in the nature of an exception contained in title 2 of part 4 of the Code of Criminal Procedure. The only provision in the nature of an exception contained in this title in the Code of Criminal Procedure is found in the words "except where a less time is prescribed by statute," found in section 142 of that Code, and that exception does not except such cases out of the general provisions of the title, but merely out of the other provisions of the section in which it is found. Indeed, most of the litigation in civil cases respecting the applicability of section 401 of that Code, which excluded in computing periods of limitation periods during which a defendant should be without the state to periods of limitation contained elsewhere than in chapter 4 of that Code, turned upon the construction to be given to the exception in section 414 of that chapter heretofore referred to. See Hayden v. Pierce, 144 N. Y. 512, 39 N. E. 638; Titus v. Poole, 145 N. Y. 414, 40 N. E. 228. It was, in other words, the language in which this exception was couched that made it a mooted and disputed question whether a period during which a defendant was absent from the state could be deducted where the governing limitation was outside of chapter 4 of the Code of Civil Procedure.

It would seem from the foregoing that there is if anything stronger reason for saying that the provisions of section 143 of the Code of Criminal Procedure apply to a case where a shorter limitation is prescribed by statute than the limitations mentioned in section 142 of that Code than for holding, as was done in the cases above cited, that the provisions of section 401 of the Code of Civil Procedure applied where the period of limitation was found outside of chapter 4 of that Code.

It is to the public interest that those accused upon sufficient evidence and in proper form of crime be tried, the question of their guilt determined, and, if guilty, convicted, and to this end that a reasonable time be afforded the authorities in every case to ascertain whether a crime has been committed, and by whom, and to apprehend and bring to trial the accused. It is likewise to the public interest, as safeguarding against wrongful accusation, to fix within definite limits the periods during which accusation for crime must be made. Accordingly, from early days, laws have fixed limits of time within which indictments must be found, excepting only from such limitations the crime of murder. Such laws have finally drawn a general distinction between crimes from the standpoint of their gravity and the character of the penalties which, as a consequence, may be inflicted by way of punishment, giving to the state a longer period within which to make accusation where the crime charged is a felony than where the offense is a misdemeanor; but inasmuch as in felony cases prosecution cannot be had in the absence of the defendant, and in misdemeanor cases it cannot be had in his absence unless he is represented by counsel, and as flight is frequently a consequence of guilt, in order that a defendant may not by reason of such limitations respecting prosecutions, by flight or concealment, prevent during the periods within which they would otherwise be maintainable arraignment, trial, and if guilty conviction and punishment, it has from early times been enacted that periods during which a defendant was a nonresident or noninhabitant should be excluded in computing periods of limitation, and the reason for the noncomputation of such periods is the same, whether the crime be seduction under promise of marriage, abduction, rape, or robbery. Laws 1788, c. 43; Laws 1790, c. 55; Rev. Stats. 1829, pt. 4, art. 2, tit. 4, § 37; Laws 1860, c. 271; Laws 1873, c. 630; Laws 1881, c. 442; Laws 1887, c. 412; Laws 1895, c. 552.

In a word, the purpose of the provision in question is to give the authorities more time within which to initiate a prosecution if a defendant be absent. The provision is not there because an indictment cannot be found in a defendant's absence, nor because the statute runs after it is so found. The provision is there, not merely because in numerous cases the identity of a defendant with the committer of the crime is rendered difficult, if not impossible, of proof in his absence, thus preventing the presentation to a grand jury of a sufficiency of evidence to warrant an indictment, nor yet because in other cases a defendant's flight may conceal the very fact that a crime was committed, but because, as stated, his continued absence after indictment found in felony cases paralyzes prosecution. It is there so that, in the light of what would otherwise be the enhanced inducements to

flight or concealment arising from the brevity of statutory periods of limitation, a defendant may have before him as a countervailing consideration the knowledge that either flight or concealment lengthens the period within which accusation may be made. As the analogies already commented upon and the reason underlying the enactment in section 143 of the Code of Criminal Procedure relied upon by the people apply to a case where a less time is prescribed by statute within which to commence a criminal action than the periods named in section 142, it must be held to extend to such cases.

It follows that if the provision in section 2176 of the Penal Law heretofore referred to, that the lapsing of two years after the commission of the offense before the finding of an indictment bars a prosecution for the offense of seduction under promise of marriage, is a mere statute of limitation, or, in other words, merely presents a case where, within the language of section 143 of the Code of Criminal Procedure, "a less time is prescribed by statute," periods during which the defendant was a nonresident or noninhabitant of the state are to be excluded in determining whether or not the statute has run. It remains to determine whether this provision in the Penal Law is a mere statute of limitations, or whether, contrariwise, it is a provision restricting and qualifying a given statutory right.

Is time here of the essence of the right created? Is the limitation an inherent part of the statute under which the right arises? Is this right of action independent of the limitation, or does the limitation restrict and qualify the right? Is the finding of an indictment within two years after the commission of the offense of seduction under promise of marriage a condition to the institution of a criminal action to punish for that crime? If these questions are answered in the affirmative, the provision in question is not a mere statute of limitations, and cannot be enlarged or extended by periods of noninhabitancy or nonresidence. If they are answered in the negative, it is a mere statute of limitations, which does not run during noninhabitancy or nonresidence. Am. & Eng. Ency. of Law, "Limitations of Actions."

To which class the provision in question applies must be determined (a) by the history of the statute and the effect to be given to changes in it as evidencing legislative intent; (b) the relation between the Penal Code, into which it became incorporated, and the Penal Law, in which it is now enacted, on the one hand, and the Code of Criminal Procedure, on the other; (c) the rule of pleading which has prevailed respecting the form of indictments for this crime; and (d) such light as may be thrown upon the subject by opinions in adjudicated cases.

(a) Seduction under promise of marriage is a statutory crime, made so originally by chapter 111 of the Laws of 1848, which went into effect March 22d of that year. This statute provided as follows:

"Any man who shall, under promise of marriage, seduce and have illicit connection with any unmarried female of previous chaste character, shall be guilty of a misdemeanor, and upon conviction shall be punished by imprisonment in a state prison not exceeding five years, or by imprisonment in a county jail not exceeding one year: Provided that no conviction shall be had under the provisions of this act, on the testimony of the female seduced, unsupported by other evidence, nor unless indictment shall be found within two

years after the commission of the offense: And provided, further, tha t the subsequent marriage of the parties may be plead in bar of a conviction."

This act was not in terms repealed until 1886 (Laws 1886, c. 593), but its provisions were in terms inserted in the Penal Code, which, when construed in conjunction with other statutes, went into effect January 1, 1881. This Code provided as follows:

"Sec. 284. Seduction under Promise of Marriage.—A person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character, is punishable by imprisonment for not more than five years, or by a fine of not more than one thousand dollars, or by both.

"Sec. 285. Subsequent Marriage.—The subsequent intermarriage of the parties, or the lapse of two years after the commission of the offense before the finding of an indictment, is a bar to a prosecution for a violation of the last section.

"Sec. 286. Complainant must be Corroborated.—No conviction can be had for the offense specified in section 284, upon the testimony of the female seduced, unsupported by other evidence."

These provisions continued in effect until March 12, 1909, when the act known as the Penal Law, chapter 88 of the Laws of 1909, constituting chapter 40 of the Consolidated Laws, went into effect. Under this act the crime of seduction is defined in section 2461, which embraced in unchanged language the provisions contained in sections 284 and 285 of the Penal Code. A month and a half later, namely, May 22, 1909, by chapter 524 of the Laws of that year, section 2461 was repealed and sections 2175, 2176, and 2177 enacted in the language heretofore stated in this opinion. In 1848, at the time of the enactment of the original statute, the general limitation for the commencement of criminal actions as found in the Revised Statutes was three years, and this applied as well to misdemeanors as to felonies. The effect, therefore, of the original statute was to shorten by one year what otherwise would have been the period of limitation, and to make this period what it not long afterwards became in all misdemeanor cases. It was in a sense, therefore, the forerunner to what afterwards became the general rule of limitation in misdemeanor cases. By the Penal Code this offense was changed from a misdemeanor to a felony. While it remained a misdemeanor, a defendant could be prosecuted in his absence, if represented by counsel. As soon as it became a felony, this could not be done. This change therefore heightened the impotency of the state if the defendant kept away, and made more urgent the applicability to this crime of the provision respecting noninhabitancy and nonresidence contained in section 143 of the Code of Criminal Procedure. Moreover, as originally enacted, the two-year bar was found in a proviso manifestly intended as a restriction or qualification upon the right of prosecution. When the Penal Code was enacted this language of proviso was eliminated and the change in this regard was as significant of a change of purpose on the part of the Legislature as was the change in this law referred to and commented on in People ex rel. Scharff v. Frost, 198 N. Y. 110, at page 113, 91 N. E. 376, 139 Am. St. Rep. 801. The purpose of the change was to make what had previously been a condition or qualification upon

the right to prosecute a mere statute of limitation regulating the time for the commencement of a particular criminal action.

(b) The Penal Code, on the one hand, and the Code of Criminal Procedure, on the other, were intended to be read and construed in connection with each other. This appears from their relative scope and purpose, from provisions which they contain referring to each other, and from decisions construing portions of one in the light of provisions in the other (People v. Rugg, 98 N. Y. 537, at page 551); and the Penal Law is but a rearrangement of the Penal Code, without change of substance, except that it includes what were certain independent statutes not contained in the former Code (see introductory note to Penal Law).

The language of section 142 of the Code of Criminal Procedure, "except where a less time is prescribed by statute," is not meaningless. Yet there is no other place in that Code where a less time is prescribed. If it does not operate upon a statutory enactment found outside of that Code, it is inoperative. If it does operate upon such a statutory enactment, it must operate either upon some provision of the Penal Law or upon some statute outside of the Penal Law prescribing a statutory limitation within which prosecution may be had for a particular crime. It is conceivable that such a statute outside of the Penal Law exists, but it has not been brought to the attention of the court. If none exists (and the Penal Law was intended to be wide-embracing), an examination of the Penal Law shows that, if section 143 of the Code of Criminal Procedure does not operate upon the limitation found in section 2176 of the Penal Law, there is but one other instance in that law upon which it can operate, namely, the limitation found in section 929 of that law, likewise of two years, applicable where a defendant is charged with contracting a fraudulent marriage, and no reason exists for applying it to section 929 which does not exist for applying it to section 2176.

(c) While it is true that exceptions, unless contained in the enacting clause of a statute, are not as a rule required to be pleaded in indictments, there are many cases in which, in order that an indictment may be descriptive of the crime, the qualifications and exceptions contained in the statute are required to be set forth as matter of pleading, although the burden be upon the defendant to bring himself within them upon the trial. If the provision respecting two years found in section 2176 of the Penal Law were a qualification upon the statutory right, it would be something to be negatived in the indictment. In the case at bar, while it is true that there are allegations seemingly there for the purpose of avoiding the effect of this two-year statute, it is questionable whether they are there of necessity, and whether the indictment would not be good without them. If it would be good without them, it would be because prosecution within two years was not in the nature of an element of the crime, and the circumstance of the nonnecessity of pleading anything with respect to it would be a circumstance in reinforcement of the position that it is not in the nature or a qualifying statutory condition or exception, but in the nature of a simple statute of limitations.

, (d) There is no authoritative decision upon the question as to whether the provision in section 2176 of the Penal Law is to be regarded as a simple statute of limitation. Some light is thrown upon the subject by the opinions of the Court of Appeals in the cases of People v. Nelson, 153 N. Y. 90, 46 N. E. 1040, 60 Am. St. Rep. 592, and People ex rel. Scharff v. Frost, 198 N. Y. 110, 91 N. E. 376, 139 Am. St. Rep. 801.

In the Nelson Case, decided in May, 1897, it became necessary to determine whether the conviction of the defendant was barred by the two-year provision contained in section 285 of the Penal Code (now section 2176 of the Penal Law). In that case there was no suggestion that the defendant had been absent from the state. The question upon which the attention of the court was focused was whether the consent of the complainant to the defendant's advances, being an essential element of the crime of seduction, could, as matter of law, be given before she arrived at the age of 16 years. It was held that it could, and reasons were assigned for this decision. This question was material in that case in the determination of the question whether more than two years had elapsed between the commission of the offense and the time of the finding of the indictment. In that case the two-year provision in the statute is spoken of as a statute of limitation. It is spoken of in this way, first, when Judge Vann, in delivering the opinion of the court, alludes to the contention of the defendant being "that his conviction was barred by the limitation prescribed by section 285 of the Penal Code" (153 N. Y. page 92, 46 N. E. page 1040, 60 Am. St. Rep. 592); and, secondly, when Judge Vann in the opinion contrasts what would have been the period of limitation if the defendant had been charged with rape with what it was in view of the fact that he was charged with seduction, remarking in that connection that, if the charge had been of the crime of rape, "the statute of limitation would have been five years instead of two (Code Cr. Proc. § 142)."

In the Scharff Case, decided in 1910, the relator had been found guilty of the crime of seduction. Sentence had been suspended, and he had been placed on probation. Thereafter, and while on probation, he had, with the knowledge and consent of the court, married the complainant. After such marriage, his misbehavior being brought to the attention of the court, he was arrested and sentenced to imprisonment. He contended that his marriage to the complainant barred the prosecution, that the prosecution had not terminated before the imposition of sentence, and that sentence, being imposed after the marriage, was imposed in violation of the statutory provision or bar, and on this contention he sought release by habeas corpus. The judges of the Appellate Division divided upon the question as to whether or not the prosecution had terminated before the imposition of the sentence, and the Court of Appeals divided upon the question as to whether or not the defendant had mistaken his remedy.

It must be admitted that, in connection with the provision respecting the effect of the marriage of the parties, language is used in the prevailing opinion in the Court of Appeals and in the dissenting opinion by Judge Vann in that court supporting the contention in that con-

nection that, the crime being statutory, it was a qualifying circumstance, qualifying the right to prosecute, that the complainant and defendant should not have intermarried. It is true that this circumstance respecting the intermarriage of the parties is contained in the same section as that respecting the bar arising from the elapsing of two years from the commission of the offense of the finding of an indictment, and that the consequence of intermarriage as a bar is stated in the identical language that the consequence of the expiration of two years is, namely, that it is affirmed of both that each constitutes a bar; but when the dissimilarity between an act, on the one hand, such as intermarriage, and a condition, on the other, such as the mere expiration of time, is considered, it does not seem reasonable to treat the latter as though it had the same effect upon the statutory definition of the crime as the former. In other words, it may be true that into the very definition of the crime must be read the circumstance of the absence of intermarriage, without its being true that into such definition is to be read the circumstance of the nonexpiration of two years.

In the light, therefore, of the history of the statute and the effect to be given to changes in it as evidencing legislative intent, and in the light of the relation between the Penal Code, into which it became incorporated, and the Penal Law, in which it is now enacted on the one hand, and the Code of Criminal Procedure, on the other, and in the light of the rule of pleading which has prevailed respecting the form of indictments for this crime, and in the light of the decisions in the Nelson and Scharff Cases, the conclusion is reached that the provision in section 2176 of the Penal Law heretofore referred to is not a special statutory limitation qualifying the right to prosecute, and of the essence of such right, and an inherent part of the statute under which the right arises, but a simple statute of limitations, and as such a case, "when a less time is prescribed by statute," within the language of section 142 of the Code of Criminal Procedure.

This conclusion leads to the disallowance of the demurrer.