THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SAM KAPLAN and Others, Defendants.

Court of General Sessions, New York County, March 15, 1932.

*Thomas C. T. Crain, District Attorney [John C. McDermott* of counsel], for the plaintiff.

*Phillips, Mahoney, Leibell & Fielding [Jeremiah T. Mahoney* of counsel], for the defendants.

ROSALSKY, J. The defendants are charged with the crime of conspiracy based upon that part of subdivision 5 of section 580 of the Penal Law which makes it a misdemeanor for two or more

persons to conspire " to prevent another from exercising a lawful trade or calling, * * *." Defendants demur to the indictment upon five grounds, but only those designated (b), (c) and (d) need be considered. These grounds are as follows: (b) That more than one crime is charged in the indictment within the meaning of sections 278 and 279 of the Code of Criminal Procedure; (c) that the facts stated do not constitute a crime; and (d) that the indictment contains matter which, if true, would constitute a legal justification or excuse for the acts charged or other legal bar to the prosecution.

The defendants were, during the years mentioned in the indictment, the executive officers of the Moving Picture Operators' Union of Greater New York, Local 306, which local union was an affiliate of the International Alliance of Theatrical Stage Employees of the United States and Canada, and which International Alliance of Theatrical State Employees of the United States and Canada was an affiliate of the American Federation of Labor.

The Moving Picture Operators' Union controlled the selection of persons to be employed as moving picture machine operators in the city of New York. The defendants, some of them as officers and members of the executive board, and others as trustees of the said union, were in full control of and completely dominated the affairs of the said union.

The indictment alleges that the defendants conspired among themselves, and with other persons, to prevent several members of the said union " from exercising their lawful trade and calling of moving picture machine operators by preventing them from getting such employment."

The overt acts alleged are: that several members of the union were unlawfuly expelled from it; that after some of such members were ordered by the courts to be reinstated and to be given employment, they were reinstated, but that thereafter they were again unlawfully expelled; that some of the expelled members lost their positions through the unlawful acts of the defendants, and that two of the members so expelled were assaulted by the defendants.

The defendants claim that the indictment is bad for duplicity because it charges in one count three distinct and separate crimes: (a) The conspiracy; (b) the assault upon Alexander Polin on October 3, 1931; and (c) the assault on Cecil Wood, Jr., on May 20, 1931. This claim is untenable. In an indictment for conspiracy no agreement " amounts to a conspiracy, unless some act beside such agreement be done to effect the object thereof, by one or more of the parties to such agreement." (Penal Law, § 583.)

" Upon a trial for a conspiracy, in a case where an overt act is

necessary to constitute the crime, the defendant cannot be convicted, unless one or more overt acts be expressly alleged in the indictment, nor unless one or more of the acts alleged be proved; * * *." (Code Crim. Proc. § 398.)

The assault upon Polin and the assault upon Wood are not alleged in the indictment as separate and distinct crimes, but the assaults upon them are alleged as overt acts committed in furtherance of the conspiracy and to effect the objects thereof.

While the indictment alleges several overt acts, it is not incumbent upon the People to prove all of them. It is sufficient if one overt act alleged be established upon the trial. (*People* v. *Tavormina,* 257 N. Y. 84.)

In the *Tavormina Case (supra)*, Judge HUBBS wrote: " The overt acts alleged need not necessarily constitute the crime which is the object of the conspiracy. (*United States* v. *Rabinowich* [238 U. S. 78].) The overt acts, alleged in an indictment, which constitute a felony may, upon the trial, become immaterial, or the prosecution may be unable to establish them on account of the death or absence of a material witness, insufficient evidence or for various other reasons."

The law sanctions the right of workingmen to combine for the promotion of their welfare as members of a labor union and to exact loyalty and co-operation from them for the purpose of advancing the interests of the union. But a conspiracy to inflict injury upon another, or to oppress him in the exercise of his lawful trade or calling by preventing and excluding him from all employment, is expressly condemned by the Penal Law (*supra*), and by the decisions of the courts of this State. (*Jacobs* v. *Cohen,* 183 N. Y. 207; *Curran* v. *Galen,* 152 id. 33; *People* v. *Davis,* 159 App. Div. 464.)

The nature and purpose of the conspiracy alleged in the indictment are stated in terms sufficiently clear and specific to enable the defendants properly to prepare for trial. It is not essential that the indictment be so specific as to inform the defendants of the evidence to be produced against them. The old strict form of pleading in criminal actions has been abolished, and the rules by which the sufficiency of an indictment is to be determined are those prescribed in the Code of Criminal Procedure (§§ 273–285). An indictment is sufficient if it can be understood therefrom that the act or omission charged as constituting the crime is stated with such a degree of certainty as to empower the court to pronounce judgment upon a conviction and to enable the defendant to plead former jeopardy in case of another prosecution upon the same charge.

The indictment in this case, when tested by these rules, is not open to any of the objections urged against it by the learned counsel for the defendants. (*People* v. *Willis*, 158 N. Y. 392; *People* v. *Williams*, 243 id. 162; *People* v. *Farson*, 244 id. 413.)

The defendants argue that since it appears upon the face of the indictment that more than two years have elapsed since the commission of the crime of conspiracy — a misdemeanor — the Statute of Limitations (Code Crim. Proc. § 142) is properly raised by demurrer.

There is a .conflict of opinion among the courts in many States as to whether the Statute of Limitations can be raised by demurrer. (See Encyclopedia of Pleading and Practice, vol. 13, pp. 279 to 282.)

The weight of authority is to the effect that the Statute of Limitations is a defense and cannot be raised on demurrer (*People* v. *Durrin*, 2 N. Y. Cr. 328; *United States* v. *Cook*, 17 Wall. 168; *Biddinger* v. *Commissioner of Police*, 245 U. S. 128; *Evans* v. *United States*, 11 F. [2d] 37; *United States* v. *Andem*, 158 Fed. 996; *Greene* v. *United States*, 154 id. 401; *United States* v. *Brace*, 143 id. 703); nor by special plea in bar (*United States* v. *Kissel*, 218 U. S. 601; *United States* v. *Barber*, 219 id. 72); nor by motion to set aside an indictment (*People* v. *Willis*, 23 Misc. 568; *People* v. *Bailey*, 103 id. 366), but can be raised only upon the trial under the general issue. (See cases cited in this paragraph.)

The contra authorities are: *People* v. *Buccolieri* (91 Misc. 156); *State* v. *Ryan* (10 La. 435); *People* v. *Miller* (12 Cal. 294); *McLane* v. *State* (4 Ga. 340); *People* v. *Roe* (5 Park. Cr. 231).

The cases of *People* v. *Goldner* (70 Misc. 199); *People* v. *Lindenborn* (23 id. 426) and *People* v. *Geyer* (196 N. Y. 364) are not controlling for the reason that the question of whether the Statute of Limitations is a ground to be taken by demurrer was not before the courts for decision.

The demurrer is disallowed.