**Kinnard Joseph MAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1031–95.

Court of Criminal Appeals of Texas, En Banc.

March 27, 1996.

Merry A. Worley, Sherman, for appellant.

Rick Dunn, Assist. Dist. Atty., Sherman, Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION*
*FOR DISCRETIONARY REVIEW*

OVERSTREET, Judge.

 A jury convicted Appellant of sexual assault and assessed his punishment at confinement for fifteen years in the penitentiary. The conviction was affirmed. *May v. State*, 903 S.W.2d 792 (Tex.App.—Dallas 1995). We granted discretionary review to determine whether the promiscuity defense was available when the complainant was fourteen years old at the time of the offense but the alleged promiscuous conduct occurred before she reached fourteen. We will reverse.

Appellant was charged under V.T.C.A. Penal Code, § 22.011(a)(2), with intentionally and knowingly causing the penetration of the female sexual organ of a child. A child is defined as a person under seventeen years of age not the spouse of the actor. V.T.C.A. Penal Code, § 22.011(c)(1). The trial court excluded testimony that the complainant, who was fourteen at the time of the offense, had intercourse with at least seven males from the time she was twelve until she reached fourteen. Appellant contended this evidence was admissible and relevant to the promiscuity defense.[1]

The Court of Appeals held that evidence of the complainant's previous sexual activity prior to reaching age fourteen was not relevant and therefore inadmissible because the promiscuity defense was not available under those circumstances. The Court of Appeals held that promiscuity necessarily requires that the conduct be consensual, citing *Wicker v. State*, 696 S.W.2d 680 (Tex.App.—Dallas 1985), aff'd, 740 S.W.2d 779 (Tex.Cr.App. 1987), cert. denied, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988). It also noted that a child under age fourteen is *legally* incapable of consenting to sexual conduct, citing *Hernandez v. State*, 651 S.W.2d 746 (Tex.Cr.App.1983). It concluded that sexual intercourse with a child under fourteen is non-consensual, and thus, such a child cannot

be promiscuous as a matter of law. *May*, 903 S.W.2d at 794.

 When construing a statute, this Court is bound to give effect to the collective intent of the legislature in enacting the statute. *Boykin v. State*, 818 S.W.2d 782 (Tex. Cr.App.1991). We have determined that interpreting legislative intent requires that we give effect to the literal, plain meaning of the language used. *Id.* at 785. "Words and phrases shall be read in context and be construed according to the rules of grammar and common usage." Section 311.011(a), Code Construction Act; see also V.T.C.A. Penal Code, § 1.05(b) (Section 311.011 of the Code Construction Act applies to the Penal Code). It is presumed that in enacting a statute, all words in the statute were intended to be effective. *Polk v. State*, 676 S.W.2d 408 (Tex.Cr.App.1984). This Court has held that it will resort to examination of extratextual factors to discern legislative intent only if the statute is ambiguous or literal interpretation would lead to absurd results which the legislature could not possibly have intended. *Boykin*, 818 S.W.2d at 785–86.

Here, applying the literal wording of the statute, the legislature did not explicitly limit the availability of the defense to situations in which the prior sexual conduct occurred after the complainant reached age fourteen. The limitation applies to the age of the complainant when the offense being prosecuted occurred. The only explicit time restriction relating to the prior sexual conduct is that it must have occurred prior to the offense. Therefore, reading the statute literally, as long as the victim was over fourteen when the offense occurred, promiscuous behavior occurring prior to the time of the offense— even that which occurred prior to age fourteen—was available to prove the defense.

The Court of Appeals held that a literal interpretation fails to give effect to the plain meaning of the word promiscuous. It reasoned that because a child under fourteen cannot legally consent to sex and promiscuity

---

1. The promiscuity defense was abolished effective September 1, 1994. However, Appellant's offense occurred before the date of its repeal. At the time of the offense, V.T.C.A. Penal Code, § 22.011(d)(1) (repealed) provided, "It is a de- fense to prosecution under Subsection (a)(2) of this section that the child was at the time of the offense fourteen years of age or older and had prior to the time of the offense engaged promiscuously in conduct described in that subsection."

connotes consensual behavior, a child under fourteen cannot be promiscuous. While both premises in the Court of Appeals' syllogism are true, the conclusion reached is fallacious because the meaning of consent is different under each premise.

First, it is true that a child under fourteen cannot legally consent to sex, because subsection (a)(2) is a strict liability offense not requiring proof that the victim did not consent. Even if the victim consented in fact, that consent is not given any legal effect and provides no defense. Second, although "promiscuously" is not defined in the statute, we agree that the term implies consensual behavior. However, in ascertaining the ordinary meaning of promiscuity, we are not concerned with *legal* consent as a term of art, but with consent in its ordinary usage, i.e., permission, willingness, voluntariness, agreement, acquiescence, or assent. That the child's prior agreement to participate in sexual activity before age fourteen was not legally consensual does not mean it was involuntary or without permission. Thus, allowing evidence of willing participation in prior sexual conduct by a child under fourteen to support a promiscuity defense gives effect to the plain meaning of promiscuity.[2]

A literal interpretation of the statute gives effect to all the words in the statute and is not ambiguous. We also conclude that this interpretation does not lead to absurd results which the legislature could not have intended.[3] The Court of Appeals erred by failing to give effect to the plain meaning of the statute, and concluding that sexual conduct by a child prior to the age of fourteen can never, as a matter of law, be promiscuous. Accordingly, we reverse the judgment of the Court of Appeals and remand the cause to that court for disposition consistent with this opinion.

---

**2.** In *Norman v. State,* 89 Tex.Crim. 330, 230 S.W. 991 (1921), the defendant was charged with statutory rape. The statute provided, "If the woman is fifteen years or over, the defendant may show in consent cases, she was not of previous chaste character as a defense." Acts of the Thirty–Fifth Legislature, Fourth Called Session, c. 50. The court held that the defense was not restricted to previous unchaste conduct of the complainant after age 15, and that such a limitation would be incompatible with the wording of the statute. It quoted from an opinion of another state court reaching the same conclusion, which held that when its legislature referred to previous unchaste character it was referring to "chastity in fact, according to the popular sense of that word." *People v. Nelson,* 153 N.Y. 90, 46 N.E. 1040, 60 Am.St.Rep. 596 (1897).

**3.** That the legislature has since abolished the promiscuity defense does not impact our interpretation of its intent at the time the defense was enacted.