TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00076-CR






Harlan Spruiell, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 96-093, HONORABLE JACK ROBISON, JUDGE PRESIDING







 The jury found appellant guilty on two counts of aggravated sexual assault of a child
younger than fourteen years of age. See Tex. Penal Code Ann. § 22.021 (West 1994 & Supp. 1998). 
Punishment on each of the two counts was assessed at twenty years' confinement and a fine of $2,500. 
In a single point of error, appellant asserts the trial court erred in not allowing appellant to present evidence
of the victim's past sexual activity. We will overrule appellant's point of error and affirm the judgment of
the trial court.

 "A person commits an offense if the person intentionally or knowingly causes the
penetration of the anus or sexual organ of a child by any means [and] the victim is younger than fourteen
years of age." See Penal Code § 22.021(a)(1)(B)(i), (2)(B). The two-count indictment is based on
undisputed evidence that appellant and the victim engaged in consensual intercourse when the victim was
twelve and thirteen. Also undisputed are the ages of defendant on the dates alleged in the two counts,
twenty-two and twenty-three respectively.

 The trial court held a hearing out of the presence of the jury at which evidence was offered
that the victim had consensual sexual intercourse with other persons before and during the time period she
and appellant were having their affair. See Tex. R. Crim. Evid. 412. The trial court held that the evidence
presented by appellant did not come within any of the exceptions under Rule 412 that allow evidence of
an alleged victim's past sexual behavior.

 On appeal, appellant limits his complaint about the trial court's exclusion of evidence of the
victim's past sexual behavior to his contention that its exclusion constitutes an absurd result. Appellant
directs our attention to evidence that shows that appellant and the victim had no adult supervision; nothing
was done after the adult caretaker learned of their behavior; and the victim was allowed to keep her own
hours even after her mother learned of her conduct.

 Appellant seizes on language in May v. State, 919 S.W.2d 422 (Tex. Crim App. 1996),
in urging that the trial court's action in excluding the proffered evidence led to an absurd result. In May,
the victim was fourteen at the time of the alleged offense but the proffered evidence was of promiscuous
conduct that occurred before the victim reached the age of fourteen. The court found that the legislature
did not explicitly limit the availability of the defense of previous sexual conduct to situations after the
complainant reached fourteen, noting the limitation applies to the age when the offense being prosecuted
occurred. Id. at 423. The May court held that evidence of promiscuity occurring before the age of
fourteen is admissible when the victim is fourteen or older when the primary offense is alleged to have
occurred. Id. The court stated that any other interpretation would "lead to absurd results which the
legislature could not have intended." Id. at 424. 

 Appellant does not advance any of the limited exceptions for admissibility of evidence of
prior sexual behavior listed under Rule 412. May, upon which appellant relies, points out that its holding
is not applicable to the facts herein. May expressly stated that a child under fourteen cannot legally consent
to sex, and even though the child consented, "that consent is not given any legal effect and provides no
defense." Id. at 424. Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice


Before Justices Jones, Kidd and Davis*


Affirmed


Filed: May 29, 1998


Do Not Publish







* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



ed in not allowing appellant to present evidence
of the victim's past sexual activity. We will overrule appellant's point of error and affirm the judgment of
the trial court.

 "A person commits an offense if the person intentionally or knowingly causes the
penetration of the anus or sexual organ of a child by any means [and] the victim is younger than fourteen
years of age." See Penal Code § 22.021(a)(1)(B)(i), (2)(B). The two-count indictment is based on
undisputed evidence that appellant and the victim engaged in consensual intercourse when the victim was
twelve and thirteen. Also undisputed are the ages of defendant on the dates alleged in the two counts,
twenty-two and twenty-three respectively.

 The trial court held a hearing out of the presence of the jury at which evidence was offered
that the victim had consensual sexual intercourse with other persons before and during the time period she
and appellant were having their affair. See Tex. R. Crim. Evid. 412. The trial court held that the evidence
presented by appellant did not come within any of the exceptions under Rule 412 that allow evidence of
an alleged victim's past sexual behavior.

 On appeal, appellant limits his complaint about the trial court's exclusion of evidence of the
victim's past sexual behavior to his contention that its exclusion constitutes an absurd result. Appellant
directs our attention to evidence that shows that appellant and the victim had no adult supervision; nothing
was done after the adult caretaker learned of their behavior; and the victim was allowed to keep her own
hours even after her mother learned of her conduct.

 Appellant seizes on language in May v. State, 919 S.W.2d 422 (Tex. Crim App. 1996),
in urging that the trial court's action in excluding the proffered evidence led to an absurd result. In May,
the victim was fourteen at the time of the alleged offense but the proffered evidence was of promiscuous
conduct that occurred before the victim reached the age of fourteen. The court found that the legislature
did not explicitly limit the availability of the defense of previous sexual conduct to situations after the
complainant reached fourteen, noting the limitation applies to the age when the offense being prosecuted
occurred. Id. at 423. The May court held that evidence of promiscuity occurring before the age of
fourteen is admissible when the victim is fourteen or older when the primary offense is alleged to have
occurred. Id. The court stated that any other interpretation would "lead to absurd results which the
legislature could not have intended." Id. at 424. 

 Appellant does not advance any of the limited exceptions for admissibility of evidence of
prior sexual behavior listed under Rule 412. May, upon which appellant relies, points out that its holding
is not