In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-244 CR


____________________



BRIAN DOUGLAS MARTIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 16,280






OPINION


 The State charged Brian Douglas Martin with intentionally or knowingly causing
penetration of the female sexual organ of "Susie Smith" with Martin's male sexual organ
"without the consent" of "Susie Smith." (1) Over Martin's objections, the trial court
admitted rebuttal evidence offered by the State that Martin had sexually assaulted another
woman approximately three months prior to the commission of the instant offense. The
pertinent facts of the case are not disputed. Martin testified in his defense and admitted
that he and Ms. Smith engaged in sexual intercourse on the day alleged. However, Martin
testified that Ms. Smith was a fully willing participant in the sexual intercourse and did not
ask him to stop nor make any objections before, during, or after the intercourse took place. 
The only reasons Martin could think of as to why Ms. Smith would later file sexual assault
charges against him was because he stopped calling her, and because of the fact that Martin
got married five days after the sexual encounter took place. 

 Martin's lone appellate issue contends the trial court erred in admitting the
extraneous offense evidence because it was not relevant, was not admissible under Tex.
R. Evid. 404(b), and its probative value was substantially outweighed by it being unfairly
prejudicial under Tex. R. Evid. 403. Martin argues that our case of Davis v. State, 979
S.W.2d 863 (Tex. App.--Beaumont 1998, no pet.) addressed the exact issue he presents,
but is entirely inconsistent with two cases favorable to his position, those being Owens v.
State, 827 S.W.2d 911 (Tex. Crim. App. 1992), and Webb v. State, 36 S.W.3d 164 (Tex.
App.--Houston [14th Dist.] 2000, pet. ref'd). Martin requests that we either distinguish
or reconcile our Davis case with both Owens and Webb. 

 Relevant evidence of a person's character is generally not admissible for the purpose
of showing that he acted in conformity therewith. Montgomery v. State, 810 S.W.2d 372,
386-88 (Tex. Crim. App. 1990)(opinion on rehearing). This evidence may, however, be
admissible when it is relevant to a noncharacter conformity fact of consequence in the case,
such as rebutting a defensive theory. Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim.
App. 2001); Montgomery, 810 S.W.2d at 387-88. The proponent of the evidence may
persuade the trial court that the other crime, wrong, or act has relevance apart from
character conformity; that it tends to establish some elemental fact, such as identity or
intent; that it tends to establish some evidentiary fact, such as motive, opportunity, or
preparation, leading inferentially to an elemental fact; or that it rebuts a defensive theory
by showing, e.g., absence of mistake or accident. Montgomery, 810 S.W.2d at 387-88. 
 Because trial courts are in the best position to make the call on these substantive
admissibility questions, an appellate court must review a trial court's admissibility decision
under an abuse of discretion standard. Powell, 63 S.W.3d at 438. This standard requires
an appellate court to uphold a trial court's admissibility decision when that decision is
within the zone of reasonable disagreement. Id. An appellate court would misapply the
appellate abuse of discretion standard of review by reversing a trial court's admissibility
decision solely because the appellate court disagreed with it. Id. 

 At the outset, we note that Martin has mischaracterized our opinion in Davis, and,
because of the particular facts and circumstances of the instant case, his reliance on both
Owens and Webb is misplaced. An examination of the record indicates that the basis for
admitting the extraneous sexual assault evidence was because Martin raised a defensive
theory during his testimony in that he testified that Ms. Smith did indeed consent to the
sexual intercourse. As lack of "consent" on the part of the complainant was an element
of the charged offense, "consent" was an "elemental fact" which the State had to prove
to the jury beyond a reasonable doubt. It was this element of the offense on which Martin
attempted to raise reasonable doubt through his own evidentiary presentation. See
Montgomery v. State, 810 S.W.2d at 387-88. 

 The Owens case is not germane to the instant issue as Owens was charged with
aggravated sexual assault of an eleven-year-old child, and the law does not permit a child-victim of an aggravated sexual assault to consent to the sexual encounter. Owens, 827
S.W.2d at 913. See also May v. State, 919 S.W.2d 422, 423 n. 1; 424 (Tex. Crim. App.
1996). Furthermore, the defendant in Owens testified and denied having any sexual
contact with the child-victim. Id. at 913. Indeed, a careful reading of Owens indicates the
Court of Criminal Appeals essentially found no plausible "defensive theory" was raised
by the evidence and therefore the extraneous offense evidence was "relevant" only for the
improper purpose of showing propensity. Id. at 916-17. 

 The Webb case suffers from essentially the same infirmity, for our purposes, as does
Owens. The defendant in Webb also flatly denied that he and the victim ever engaged in
the sexual acts testified to by the victim. Webb, 36 S.W.3d at 172. The Webb Court noted
that, to be admissible, the extraneous offense must have relevance to a "fact of
consequence" in the case. Id. at 180. As the lone issue in Webb, like that in Owens, was
whether or not the sexual encounter actually took place, evidence of any prior extraneous
sexual assault offense committed on a different victim had no relevance except to show the
defendant's propensity to commit sexual assaults. Id. at 181. 

 In describing our opinion in Davis, Martin's brief contains the following assertion: 

 This Court recognized that the defensive theory of consent in Davis
may have opened the door to rebuttal, but the Court failed to go on to
recognize that Rule 404(b) still stood in that doorway to guard against the
impermissible entry of an extraneous offense that was relevant only through
showing character conformity. (emphasis in original)


We quote the following from Davis:

 Although we find that Davis opened the door to rebuttal evidence
concerning the defensive theory of consent, we are still required, under a
Rule 404(b) objection, to consider whether the extraneous offense testimony
was relevant to any fact of consequence in the case other than character
conformity. See Rankin v. State, 974 S.W.2d 707, 719-20 (Tex. Crim. App.
1996) (op. on reh'g); Montgomery v. State, 810 S.W.2d at 387-88. We
conclude it was. Testimony that Davis had on prior occasions and under
similar facts restrained Wallace and Flenoury for several hours, while either
attempting and/or completing anal sex without their consent, makes it more
likely that Davis intended to restrain, beat, and have anal, oral, and vaginal
sex with DP without her consent. Intent to have sex without the consent of
DP was an elemental fact. Since appellant's statement raised the defensive
issue of consent, the State could introduce evidence that made "less
probable" that defensive issue. See Montgomery v. State, 810 S.W.2d at
387. We conclude the trial court did not err in admitting the testimony
regarding the extraneous offenses. . . . 


Davis, 979 S.W.2d at 867 (footnote omitted). It is clear in Davis that we recognized Rule
404(b) could prevent otherwise relevant rebuttal evidence from being admitted if said
evidence had no relevance apart from proof of character conformity. See Powell, 63
S.W.3d at 439. 

 Martin alleges that the law on extraneous offense/bad act admissibility is so
confusing that "it has become almost like a 'Bible' in which opposite sides can find
authority." As does the instant opinion, our opinion in Davis cited to and relied upon the
seminal case on the issue: Montgomery v. State, supra. See Davis, 979 S.W.2d at 866,
867. Montgomery continues to be used as the "gold standard" for analyzing issues
questioning the admissibility or inadmissibility of extraneous offense/bad act evidence. See
Erazo v. State, No. 2206-02, 2004 WL 1353463 (Tex. Crim. App. June 16, 2004); Page
v. State, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004). As Davis basically relied upon
Montgomery and its progeny, we have no need to revisit, distinguish, or reconcile Davis
in order to properly address Martin's issue. 

 As noted above, Ms. Smith's lack of consent was an element of the offense. Martin
explicitly testified that Ms. Smith did indeed consent and was a willing participant in the
sexual intercourse. The trial court admirably performed its "gatekeeping" function by not
permitting the State to use the extraneous sexual assault evidence until after Martin
presented his defensive theory in his testimony. At that point, the extraneous sexual
assault evidence became relevant under Rule 401 as it logically served to make "less
probable" the defensive evidence that Ms. Smith was a willing participant in the sexual act
to which she testified. It was further admissible under Rule 404(b) as its admission was
for a purpose other than to merely show Martin's character as a sexual predator. Finally,
its probative value in rebutting Martin's defensive theory of consent was not substantially
outweighed by danger of unfair prejudice, as contemplated under Rule 403. As we have
noted before, the effect of the admission of certain extraneous offense/bad act evidence is
not unfairly prejudicial because any "prejudicial" effect lies in its probative value rather
than in an unrelated matter. See Saxer v. State, 115 S.W.3d 765, 776 (Tex. App.--Beaumont 2003, pet. ref'd); Robbins v. State, 27 S.W.3d 245, 251 (Tex. App.--Beaumont
2000), aff'd, 88 S.W.3d 256 (Tex. Crim. App. 2002). The trial court properly weighed
and balanced the required factors involved and announced his findings to the parties prior
to permitting the extraneous offense testimony to be heard by the jury. (2) For the reasons
set out above, we overrule Martin's appellate issue. The judgment of the trial court is
affirmed.

 AFFIRMED.




 ____________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted on May 13, 2004

Opinion Delivered August 25, 2004

Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. "Susie Smith" is a pseudonym used instead of the victim's name in all public files
and records for privacy purposes. See Tex. Code Crim. Proc. Ann. art. 57.02(b)
(Vernon Supp. 2004). 
2. Martin devotes a number of pages in his brief to addressing why the extraneous
sexual assault evidence was not admissible for "the other purposes the trial court included
in its ruling and in the limiting instruction at guilt, . . ." Whether the trial judge does or
does not specify his reasons on matters of admissibility of evidence, the decision will be
upheld if it is correct on any theory of law. See Santellan v. State, 939 S.W.2d 155, 167
n. 19 (Tex. Crim. App. 1997). As we decide above, the trial court's decision to admit the
extraneous sexual assault evidence withstands Martin's Rule 401, Rule 404(b), and Rule
403 complaints.