IN THE SUPREME COURT OF TEXAS
 
════════════
No. 
08-1044
════════════
 
In the 
Matter of B.W.
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the First 
District of Texas
════════════════════════════════════════════════════
 
 
            
Justice Wainwright, joined 
by Justice Johnson and Justice Willett, 
dissenting.
 
            
The Court holds that a thirteen-year-old minor cannot be adjudicated 
under the Juvenile Justice Code for prostitution, despite a clear statutory 
charge to address such distressing conduct by treatment and rehabilitation of 
the minor and protection of the public through the juvenile justice system. The 
text of the Juvenile Justice and Penal Codes does not support the Court’s 
result. The language of the prostitution statute includes thirteen-year-olds, 
and the Juvenile Justice Code makes them subject to juvenile delinquency 
proceedings for committing that offense; and neither the Court nor B.W. point to 
any language in the Juvenile Justice or Penal Codes that changes the 
prostitution statute to mean something other than what it says. The Court 
attempts to justify this infirmity through a narrow exception found in a 
criminal statute unrelated to the provision proscribing prostitution, even 
though the circumstances of this case support the juvenile court order of 
rehabilitation and treatment. The minor’s probation report states that B.W. was 
convicted “for Assault Causes Bodily Injury” and “for Possession of a Controlled 
Substance.” She also pulled a knife on her school principal, threatening to kill 
him, and seriously assaulted a fellow resident of a group home. Her caseworker 
explained that she is “violent” and a “chronic runaway.” Placed in foster care 
by Child Protective Services, she ran away from a group home in Harris County 
the day after her placement there and was missing for over a year before an 
undercover police officer arrested her for soliciting sex for a fee. After B.W. 
pled true to commission of prostitution, the juvenile court judge found that she 
had engaged in delinquent conduct (prostitution) and that rehabilitation was in 
her best interest and necessary to protect the public. The court ordered 
probation, treatment, and counseling for the wayward teen under the auspices of 
the Harris County Juvenile Probation Department, and the court of appeals 
affirmed the ruling. This Court, however, overturns the treatment order and bars 
juvenile courts from ordering treatment, confinement, probation, counseling, or 
any other rehabilitation under the Juvenile Justice Code for minors of age 
thirteen who commit the charged sex crime.
            
The misguided result of the Court’s attempt to help has turned the 
juvenile justice system’s rehabilitative objective on its head. The Court sends 
B.W. back to CPS and the temporary placement that has already proven, in her 
case, inadequate to treat her. The Court also infringes prosecutorial discretion 
in which district attorneys exercise judgment in deciding whether to bring 
teenage offenders to the juvenile justice system for treatment or to decline 
those proceedings in favor of other options such as CPS. Announcing this change 
in state policy, the Court forgets that “in a democratic 
society legislatures, not courts, are constituted to respond to the will 
and consequently the moral values of the people.” Roper v. 
Simmons, 543 U.S. 551, 616 (2005) (Scalia, J., dissenting). The 
Legislature established the juvenile justice system for these types of 
circumstances and has not indicated an intent to depart 
from that system when a minor is thirteen. And the Court blanketly decides that the juvenile justice system is never available to rehabilitate thirteen-year-olds 
who commit sex crimes because it proclaims that all thirteen-year-old teens are 
legally incapable of consenting to sex.
I. 
Background
            
The Court provides a short factual background, but there are additional 
pertinent facts that evidence B.W.’s need for the treatment and rehabilitation 
that the juvenile court ordered. Petitioner B.W. was born in April 1993 and has 
a long and sad history of delinquent behavior. In 2004, the State placed B.W. in 
CPS custody. Described by her caseworker as “violent” and a “chronic runaway,” 
B.W. was transferred among three CPS placements in less than a year. In October 
2005, she ran away from her third placement at a group home facility. B.W. was 
missing until January 12, 2007, when an undercover police officer arrested her 
for criminal prostitution—offering to engage in oral sex with him for twenty 
dollars. B.W. claimed to be nineteen years old, and the authorities mistook her 
for an adult. Upon discovering she was thirteen, the State dismissed the case 
against her in the adult, criminal system and re-filed it in the civil, juvenile 
system, in which adjudications focus more on rehabilitation of delinquency 
rather than prosecution for crimes. See Tex. Fam. Code § 51.13(a); see 
also Hidalgo v. State, 983 S.W.2d 746, 754 (Tex. Crim. App. 1999) 
(“The philosophy was that, whenever possible, children should be protected and 
rehabilitated rather than subjected to the harshness of the criminal system 
because children, all children are worth redeeming.” (citations and quotations omitted)).
            
B.W.’s probation report and psychological evaluation were admitted into 
evidence during her juvenile proceedings. Her CPS caseworker warned in the 
probation report that B.W. “will run[]away if returned 
to CPS custody.” The caseworker described two particularly disturbing, violent 
incidents: one in which B.W. pulled a knife on her principal and threatened to 
kill him, and another where she repeatedly bashed a 
classmate’s head into the ground until it was bloody. Her probation report also 
revealed a history of legal violations: evading arrest, running away, disrupting 
school, assaulting another person causing bodily injury, and possessing a 
controlled substance.
            
B.W. met with a state psychologist after her arrest. During discussions 
with that psychologist, she maintained that she was being mistaken for someone 
else. She did, however, chronicle a troubled past that included living with a 
thirty-two-year-old man, untreated substance abuse problems, allegations of 
abuse, and academic difficulties. The psychologist’s report concluded that B.W. 
is a troubled minor who has encountered much adversity at a young age, but also 
stressed that the veracity of B.W.’s report should be “viewed with caution given 
that numerous statements [she] made [were] inconsistent with probation 
records.”
            
B.W. pled “true” to allegations of prostitution in the juvenile court, 
and the juvenile judge concluded that B.W. engaged in delinquent conduct and 
ordered, among other things, that B.W. (1) was in need of rehabilitation, 
(2) should be placed in the Chief Juvenile Probation Officer’s custody, and (3) 
should participate in individual counseling and have HIV Awareness/Drug 
Assessment with an educational specialist.[1] The juvenile judge denied B.W.’s motion 
for new trial, but granted her permission to appeal. The court of appeals 
affirmed.
II. Discussion
            
B.W. requests that this Court (1) hold that minors under fourteen years 
old cannot consent to sexual conduct as a matter of law and, therefore, cannot 
be adjudicated in the juvenile justice system for engaging in conduct 
constituting prostitution; and (2) determine that failure to prosecute her 
“boyfriend” and grant her immunity in exchange for testimony against him 
violated her right to due process. The Court holds that B.W., 
and no thirteen-year-old, may ever be brought into the juvenile justice system 
for committing prostitution under the current Juvenile Justice Code. It 
asserts that the Legislature determined that thirteen-year-old minors cannot 
legally consent to sex, despite the fact that nowhere in the Juvenile Justice or 
Penal Codes has the Legislature said so. To be clear, children below a certain 
age probably do not have the mental capacity and the law would deem them unable 
to consent to certain actions, but that is not the case here. The Juvenile 
Justice Code expressly provides that delinquent conduct of thirteen-year-old 
teenagers is within the exclusive jurisdiction of the juvenile court. Tex. Fam. Code § 51.04(a). This case concerns 
the legal capacity of a thirteen-year-old teenager.
A. Juvenile System Civil Adjudication of Teenagers for 
Prostitution
Is a Policy 
Decision Properly Left to the Legislature.
            
B.W. was adjudicated delinquent under the Juvenile Justice Code for 
committing the offense of prostitution. She does not contest any of the facts 
constituting the offense, and, in fact, she stipulated to them in the juvenile 
court. Nor does she argue that any language in the Juvenile Justice Code 
provides an exemption to civil adjudication of minors aged thirteen in the 
juvenile system for prostitution. Instead, she contends that adjudicating her 
for prostitution would lead to an absurd result because thirteen-year-old minors 
cannot legally consent to sex in cases of statutory rape (a crime proscribed in 
the sexual assault statute), and therefore, the Legislature could not have 
possibly intended that a minor her age be adjudicated delinquent in the juvenile 
justice system for other sex offenses, like prostitution. Contrary to B.W.’s 
allegations, this is a type of conduct and category of delinquents the 
Legislature decided to permit treatment and rehabilitation through the Juvenile 
Justice Code.
            
The text discloses legislative intent, and courts should apply statutory 
language literally unless enforcing the language of the statute as written would 
produce absurd results. See Entergy Gulf States, Inc. v. Summers, 282 
S.W.3d 433, 437 (Tex. 2009); Boykin v. State, 818 S.W.2d 782, 785 (Tex. 
Crim. App. 1991); see also McIntyre v. Ramirez, 109 S.W.3d 741, 
745 (Tex. 2003). Instead of subjecting minors to criminal prosecution, the 
Legislature created the juvenile justice system. See Tex. Penal Code § 8.07 (explaining that the Penal Code is not 
generally applicable to minors under seventeen); Tex. Fam. Code § 51.02(2) 
(explaining that a minor ten or older and younger than seventeen years old is 
subject to delinquency proceedings under the Family Code). 
Title three of the Family Code is the Juvenile Justice Code, and it vests 
juvenile courts with exclusive, original, civil jurisdiction to adjudicate 
minors so they may be appropriately treated and rehabilitated and the public 
protected. See id. §§ 51.01(2), .04(a). A 
juvenile may be adjudicated in the juvenile system for “delinquent conduct,” 
defined to include “conduct, other than a traffic offense, that violates a penal 
law of this state . . . punishable 
by imprisonment or by confinement in jail.” Id. § 
51.03.
            
Prostitution is a crime that violates Texas penal law and is punishable 
by confinement in jail. See Tex. Penal Code § 43.02(c). 
Commission of prostitution is thus delinquent conduct for which a minor may be 
adjudicated in the juvenile system. “A person commits [prostitution] if he 
knowingly: (1) offers to engage, agrees to engage, or engages in sexual conduct 
for a fee; or (2) solicits another in a public place to engage with him in 
sexual conduct for hire.” Id. § 43.02(a). “A 
person acts knowingly, or with knowledge, with respect to the nature of his 
conduct or to circumstances surrounding his conduct when he is aware of the 
nature of his conduct or that the circumstances exist. A person acts knowingly, 
or with knowledge, with respect to a result of his conduct when he is aware that 
his conduct is reasonably certain to cause the result.” Id. 
§ 6.03(b). Thus, any “person” can commit prostitution if he or she 
does so “knowingly.” A “person” under the Penal Code “means an individual, 
corporation, or association.” 
Id. § 1.07(a)(38). A “child” under the Juvenile Justice Code includes 
“any person” who is “ten years of age or older” and under seventeen. Tex. Fam. Code § 51.02(2). Thus, the age 
range of persons subject to delinquency proceedings for violating the 
prostitution statute includes teenagers like B.W. Neither B.W. 
nor the Court dispute that teenagers are persons under the Juvenile Justice and 
Penal Codes. On her own admission, the juvenile court adjudicated B.W. 
delinquent for the offense of prostitution.
            
But the Court takes the position that B.W. cannot be charged with 
prostitution because, as a thirteen-year-old minor, she could not legally 
consent to sex. The Legislature proscribed sex with a minor under seventeen 
years old, in the sexual assault statute. Tex. Penal Code § 22.011(a)(2). A minor’s consent is relevant to provide a defense only 
when: (1) the actor and minor were married at the time of the offense; or 
(2) the actor was no more than three years older than the minor who is at least 
fourteen years old. See id. § 22.011(e). As pointed out by the Court, 
“[t]here are no such defenses . . . when the child is 
under fourteen, irrespective of the child’s purported willingness.” ___ S.W.3d 
___ (Tex. 2010) (emphasis added). The Court acknowledges that a 
fourteen-year-old may be adjudicated delinquent for prostitution, but asserts 
that a thirteen-year-old cannot because of the absence of a consent defense in 
the statutory rape statute. However, the lack of a consent defense to statutory 
rape does not change the prostitution statute.
B. There Is No 
Statutory Language Supporting the Court’s Reasoning.
            
The Court’s conclusion that a thirteen-year-old cannot commit a sex crime 
is based on several analytical flaws. Foremost, there is no language in either 
the Juvenile Justice Code or the Penal Code that supports the Court’s 
conclusion, as both it and B.W. admit. In fact, in a post-submission letter, 
B.W.’s counsel candidly states, “During my rebuttal argument, Justice Hecht 
pointed out that the Texas statutes regarding sexual assault . . . do not 
expressly state that a child under 14 is legally incapable of consenting to sex. 
I responded that the statute ‘specifically’ says that a sexual assault on a 
child is without consent if the child is under 14.” B.W.’s counsel explains in 
her post-submission filing that she “should have clarified” that her conclusion 
is an inference from Penal Code provisions, and that there is no specific 
language indicating that in the Code. The Court concedes that its conclusion 
that the inability of minors to consent to sex as a matter of law is only an 
“inference from section 22.011 and the other statutes dealing with sexual 
exploitation of a minor” and that “no statute explicitly states that children 
under fourteen are unable to provide consent for all purposes.” ___ S.W.3d ___. Later in the opinion, the Court claims the 
Legislature made a “pronouncement that all minors under fourteen years lack the 
capacity to give that consent.” Id. at ___. 
Certainly, the Legislature could have made such a specific pronouncement, but 
nowhere in the Penal Code, Juvenile Justice Code, or any other statute did it do 
so. In other words, the Court reasons that B.W. cannot legally be adjudicated 
for prostitution because any consent on her part to sex would be legally 
ineffective as a defense to the separate crime of statutory 
rape.
            
Specifically, section 22.011 of the Penal Code makes it a crime to 
intentionally or knowingly have intercourse with another person “without that 
person’s consent.” It makes that same conduct the crime of sexual assault 
against a minor, except “without that person’s consent” is not provided as a 
defense for this offense against minors. Tex. Penal Code § 22.011(a)(2). The statutory rape provision criminalizes adult 
intercourse with minors. Id. § 22.011(a)(2) 
& (e). By excluding consideration of consent when the minor is under 
fourteen, the Legislature made sexual conduct in those circumstances a strict 
liability offense. Id. It is settled that an adult cannot prove or 
attempt to prove that the minor consented as a defense to statutory rape. 
See May v. State, 919 S.W.2d 
422, 424 (Tex. Crim. App. 1996).
            
The Court takes this inference from the omission of four words in the 
section 22.011(a)(2) statutory rape statute and applies 
it to govern the section 43.02(a) prostitution statute. Citing May and 
the common law, the Court concludes that the inference from the four-word 
omission in section 22.011(a)(2) applies globally to 
the criminal and juvenile law. The Court misconstrues May. In that case, 
the Court of Criminal Appeals addressed whether a fourteen-year-old could 
consent to sex in a statutory rape prosecution at a time when promiscuity of the 
minor was a statutory defense. The Court recognized that the teen victim could, 
in fact, acquiesce, agree, or willingly participate in sexual conduct. 919 S.W.2d at 424. But, even if the teen did consent, “that 
consent is not given any legal effect and provides no defense” for the strict 
liability offense of statutory rape under section 22.011(a)(2). Id. However, because of the existence of the 
promiscuity defense, the Court of Criminal Appeals held that the minor’s 
consensual behavior was relevant to the case.[2] Thus, May recognizes that minors 
can, in fact, acquiesce in the proscribed conduct. That the promiscuity defense 
has been removed from the statute does not change the Court’s recognition that 
teens may in fact consent. May explains that a 
minor’s consent, absent the promiscuity provision, cannot be a defense to 
statutory rape. The statement in May that minors cannot legally consent 
to sex addresses the offense in that opinion—statutory rape. Importantly, the 
May decision does not give this Court license to overlay the absence of a 
consent defense to the section 22.011(a)(2) statutory rape offense across the 
entire Juvenile Justice and Penal Codes.
            
At another point, the Court offers a guess as to the Legislature’s 
intent. The Court says it is “far more likely” that the Legislature would 
seek to punish those sexually exploiting minors than subject minors to 
“prosecution.” ­­­___ S.W.3d ­­­___ (emphasis 
added). But we need not guess what the Legislature intended because we can read 
the Penal Code, which defines prostitution and statutory rape as separate 
crimes. And only one crime—statutory rape—indicates that a minor’s consent is no 
defense to the charged offense.
            
The Court’s logic that the absence of a consent defense to statutory rape 
precludes adjudication for the separate offense of prostitution is perplexing. 
This is not a case where an actor is attempting to assert consent as a defense 
to statutory rape. However, B.W. argued that the absence of consent as a defense 
in the statutory rape statute is a de jure defense to civil 
juvenile adjudication for committing prostitution. The Court employs a unique 
approach to statutory interpretation by taking the bait and inferring that the 
Legislature would impose such an exemption throughout the entire Penal Code by 
omitting words in the sexual assault statute. The only affirmative indications 
of legislative intent the Court points to in support of its holding are 
instances where the Legislature passed statutes affording greater protection 
against sexual exploitation of underage minors. See ___ S.W.3d at ___. It 
points out that the Penal Code explicitly proscribes compelling prostitution of 
a minor under eighteen as a second-degree felony as an example of how it 
intended heightened protection of sexually exploited minors. Tex. Penal Code § 43.05(a)(2). It simply does not follow that heightened punishment 
for adults who exploit teenagers means that teenagers can never commit 
prostitution.
            
The Court says that the underpinning of my position is that “because 
Penal Code section 43.05 makes it a crime for a person to cause a child younger 
than eighteen to commit prostitution, the Legislature must have envisioned the 
prosecution of children under the age of fourteen for prostitution.” ____ S.W.3d ___, n.1. This is not correct. The basis of my 
conclusion is not an inference implied from a different statute, as is the 
Court’s; it is the expressed intent of the Legislature. The language of the 
prostitution statute includes thirteen-year-olds, and the Juvenile Justice Code 
makes them subject to juvenile delinquency proceedings for committing that 
offense; and neither the Court nor B.W. point to any language in the Juvenile 
Justice or Penal Codes that changes the prostitution statute to mean something 
other than what it says. The Court then argues that a criminal may be prosecuted 
for compelling sexual exploitation of a teenager even though the teenager may 
not be adjudicated for prostitution. Id. Certainly, in the proper 
exercise of prosecutorial discretion,[3] this may be the case; but the Court’s 
holding precludes exercise of that discretion in all cases involving 
thirteen-year-old teenagers involved in sex crimes.[4]
            
The language of section 43.05 of the Penal Code in fact provides that 
minors under eighteen years old may commit prostitution. It makes it a crime if 
any person knowingly “causes by any means a child younger than 18 
years to commit prostitution, regardless of whether the actor knows the 
age of the child at the time the actor commits the offense.” Tex. Penal Code § 43.05(a)(2) (emphasis added). The Legislature’s use of the word 
“child,” defined to be a person under age seventeen, certainly includes 
thirteen-year-olds. Yet the Court effectively limits the Legislature’s 
definition to children ages fourteen to seventeen, without any language to 
support it.[5]
            
The Legislature easily could have created the exception that the Court 
proclaims today. It expressly excluded “traffic offense[s]” from the definition 
of delinquent conduct. Tex. Fam. Code 
§ 51.03(a)(1). All it needed to do was add a few 
words to section 51.03(a)(1) to compel the result the 
Court desires, but the Legislature did not exclude “prostitution” from the list 
of offenses constituting delinquent conduct. Alternatively, the Legislature 
could have limited application of the prostitution statute to persons fourteen 
and older, rather than any “person.” Tex. Penal Code 43.02(a). Yet, it opted not 
to do so.
            
The Legislature has expressly recognized that teenagers can commit such 
offenses. A defendant may prove consent by a teenager in a statutory rape case 
to possibly avoid registering as a sex offender. The Texas Code of Criminal 
Procedure gives a trial court discretion to grant an exemption from the sex 
offender registration requirement if it appears, based on a preponderance of the 
evidence, that a victim aged thirteen or older consented to sexual contact with 
an offender nineteen or younger. Tex. 
Code Crim. Proc. 
art. 62.301; cf. Tex. Penal Code § 22.011(e)(2)(A) & (B). This is contrary to the Court’s 
conclusion that, as a matter of law, a thirteen-year-old cannot legally consent 
to sex in a prostitution adjudication.
            
The Legislature makes social policy determinations, and has made one in 
this situation. The Juvenile Justice Code incorporates the offense of 
prostitution as proscribed in the Penal Code, and minors may be subject to civil 
adjudication for engaging in conduct that constitutes prostitution. Nothing in 
any of these statutes indicates that the Legislature could not have intended the 
law to be enforced as written, and the Court errs in declaring an “absurd 
result” where one does not exist.
C. The Common Law Does Not Support the Court’s 
Conclusion.
            
The Court’s opinion has shallow support in the common law. It cites 
William Blackstone for support, but Blackstone’s Commentaries explain that 
twelve years is the “age of female discretion by the common law.”[6] William Blackstone, 4 Commentaries *212. B.W. engaged 
in conduct constituting prostitution at the age of thirteen. She had reached the 
age of discretion under the common law. The Court further looks to find the 
common law primarily in cases from a few other states —Arkansas, Florida, 
Kentucky, Mississippi, New Hampshire, and Vermont.[7] But none of these cases addresses the 
question before us—whether the common law deems that no thirteen-year-old 
can, as a matter of law, commit prostitution. They all concern whether an adult 
can defend a charge of statutory rape by asserting that the child consented. 
And the Court’s quotation to a concurrence in a Florida case focuses on a 
six-year-old child’s capacity, a fact not at issue in that case and that says 
little or nothing about the issue involving the teenager before us. See Jones 
v. State, 640 So. 2d 1084, 1089 (Fla. 1994) (Kogan, J., concurring).[8]
            
The Court’s opinion cites only four Texas cases, none written by this 
Court. One of the cases, May v. State, is discussed above. In Anschicks v. State, the court explained that 
the question of consent in the rape of a girl under the age of ten is “wholly 
immaterial” and then adds in dicta that a child under ten is “incapable of 
consent.” 6 Tex. Ct. App. 524, 535 (Tex. Crim. App. 
1879). While I agree with these propositions, the rape victim in that 
case was ten years old, and the court did not address the offense of 
prostitution. The case sheds little or no light on the central question in this 
case. The other two cases concern incest, not prostitution, and the Court itself 
acknowledges that the second case is of “questionable precedence.” See 
Duby v. State, 735 S.W.2d 555 (Tex. 
App.—Texarkana 1987, writ ref’d); see also 
Bolin v. State, 505 S.W.2d 912 (Tex. Crim. App. 1974).
            
In addition to the absence of any language in the Juvenile Justice and 
Penal Codes to support the Court’s conclusion, the common law also provides 
scant support for its reasoning.
D. Juvenile System 
Rehabilitation,
Not Criminal 
Penalties, Are Appropriate in This Case.
            
Notwithstanding the Court’s use of the term “prosecute” repeatedly in its 
opinion, there is no dispute that in the juvenile court proceeding B.W. was not 
convicted of a crime. She was adjudicated delinquent as a juvenile, and the 
juvenile court ordered rehabilitation, counseling, and treatment. In fact, the 
juvenile court ordered only probation for B.W. with no term of juvenile 
confinement. The Court fails to credit the purpose of the juvenile justice 
system as distinct from the criminal justice system. Its holding precludes 
juvenile courts from adjudicating and then ordering counseling and treatment as 
the Legislature intended for minors like B.W. who commit prostitution. The 
Legislature enacted the Juvenile Justice Code for various public purposes, 
including: “to provide for the protection of the public and public safety”; “to 
promote the concept of punishment for criminal acts”; “to remove, where 
appropriate, the taint of criminality from children committing certain unlawful 
acts”; “to provide treatment, training, and rehabilitation that emphasizes the 
accountability and responsibility of both the parent and the child for the 
child’s conduct”; “to provide for the care, the protection, and the wholesome 
moral, mental, and physical development of children coming within its 
provisions”; and “to protect the welfare of the community and to control the 
commission of unlawful acts by children.” Tex. Fam. Code § 51.01.
            
The Court’s opinion removes B.W. from adjudication under the Juvenile 
Justice Code for a criminal act she acknowledged committing. Instead of allowing 
B.W. to be treated as the Legislature intended, its opinion overturns the 
juvenile judge’s treatment order and sends her back into CPS custody or, more 
likely given her history of running away, back to a toxic street environment. 
The psychologist that screened B.W. explained that she needed to be placed in a 
secure facility with a structured and consistent environment, that she is a 
“high risk for runaway,” and there is a “moderate to high risk” that she will 
hurt others. The psychologist also recommended intensive treatment for substance 
abuse, enrollment in a mentor program, individual and group therapy, and tests 
to evaluate her educational needs. The prosecutor evaluating B.W.’s case 
considered B.W.’s history as well as the recommendations of those evaluating 
B.W. when deciding whether to bring the proceeding. The juvenile judge 
considered the psychologist’s evaluation and ordered treatment as provided by 
the Juvenile Justice Code through individual counseling and other programs. In 
light of B.W.’s past conduct, it is reasonable that the juvenile judge would 
recommend that the Chief Juvenile Probation Officer supervise B.W. instead of 
placing her back in the CPS system.
            
The Legislature decided to subject minors ten or older and younger than 
seventeen to civil adjudication as opposed to generally subjecting them to the 
same criminal laws as adults. The Juvenile Justice Code provides a civil means 
for effectuating its stated purposes to avoid subjecting minors, who might be 
headed down a treacherous path, to criminal proceedings. Sadly, many minor 
prostitutes are exploited by others who take advantage of their vulnerability. 
Those exploiters deserve criminal punishment. However, the Legislature enacted 
the Juvenile Justice Code not merely as a means of punishment, but also for 
treatment and rehabilitation in order “to provide for the care, the protection, 
and the wholesome moral, mental, and physical development of children coming 
within its provisions.” Tex. Fam. Code § 
51.01(3).
            
The Legislature passed a statute last term that instructs the executive 
director of the Texas Juvenile Probation Commission to establish a committee “to 
evaluate alternatives to the juvenile justice system, such as government 
programs, faith-based programs, and programs offered by nonprofit organizations, 
for children who are accused of engaging in acts of prostitution.” Tex. Hum. Res. Code § 141.056 (directing the committee to report to 
the Legislature by January 1, 2011). The Legislature 
recognizes the problem of prostitution committed by minors, and it continues to 
work on solutions to address it. Instead of exempting minors from adjudication 
in the statute, the Legislature requested the committee to study and evaluate 
the effectiveness of alternative treatment options outside the justice system. 
In the same September 2009 bill, the Legislature added a defense to prosecution 
for victims of human trafficking, acknowledging in the bill analysis that 
trafficked minors are often arrested for committing prostitution. See 
Tex. Penal Code § 43.02(d); 
House Comm. on Human Servs., Bill Analysis, Tex. 
C.S.H.B. 4009, 81st Leg., R.S. (2009) (“The vast majority of domestic victims of 
human trafficking are minors; approximately 70 percent fall into the sex trade. 
Unfortunately, most of these children are criminalized and placed with Child 
Protective Services with the result that the child does not receive necessary 
services and often falls back under the thumb of traffickers.”). Nonetheless, 
the Legislature did not modify the Family Code to exempt teenagers from 
delinquency adjudication for prostitution. But the Court’s opinion today does 
just that and removes the juvenile justice system as a viable alternative to CPS 
and other treatment programs for minors younger than fourteen who are accused of 
prostitution. This is an unnecessary and intrusive limitation on the 
Legislature’s discretion to address an important social policy 
issue.
            
For all of these reasons, I would apply the Juvenile Justice Code and 
Penal Code provisions at issue as the Legislature drafted them. I would hold 
that a thirteen-year-old minor may be subject to civil, juvenile delinquency 
proceedings and rehabilitative treatment for committing an act that constitutes 
prostitution as proscribed in the Penal Code. The Legislature specifically 
intended to hold actors that engage in sexual conduct with a minor under 
fourteen strictly liable for sexual assault, regardless of the minor’s consent. 
It also specifically incorporated certain Penal Code provisions into the 
definition of delinquent conduct, including the offense of prostitution, making 
it a chargeable delinquent offense. The Court’s opinion purports to recognize 
legislative intent that is expressed nowhere in applicable statutes and is 
contrary to the common law.
E. The State Did Not Violate B.W.’s Due Process 
Rights.
            
In B.W.’s second issue, she alleges that failing to prosecute her 
thirty-two-year-old “boyfriend” and offer her immunity in exchange for testimony 
against him violated her due process rights. This claim is also without merit. 
Because the Court holds that minors under fourteen years old cannot be 
adjudicated for prostitution, it does not reach B.W.’s due process challenge. I 
would hold that her due process rights were not violated.
            
“There is no doubt that the Due Process Clause is applicable in juvenile 
proceedings.” Schall v. Martin, 467 
U.S. 253, 263 (1984). The United States Supreme Court has held that not 
all, but “certain basic constitutional protections enjoyed by adults accused of 
crimes also apply to juveniles.” Id. (citing Breed v. Jones, 421 
U.S. 519, 531 (1975) (double jeopardy); In re Winship, 397 U.S. 358, 366 (1970) (proof beyond a 
reasonable doubt); In re Gault, 387 U.S. 1, 
13–14 (1967) (notice of charges, right to counsel, privilege against 
self-incrimination, right to confrontation and cross-examination)). However, 
there is no due process right to any particular mode of investigation. See Patterson v. New York, 432 U.S. 197, 208 
(1977) (“Due process does not require that every conceivable step be taken, at 
whatever cost, to eliminate the possibility of convicting an innocent person.”). 
Nor is there a right that precludes a minor from being adjudicated delinquent 
for committing prostitution.
            
The State must offer immunity from prosecution for prostitution, but only 
if it compels testimony about the offense. Tex. Penal Code § 43.06 (“A party . . . 
may not be prosecuted for any offense about which he is required to furnish 
evidence or testify, and the evidence and testimony may not be used against the 
party in any adjudicatory proceeding except a prosecution for aggravated 
perjury.”). Even if the State brings charges against the person B.W. identified 
as her “boyfriend,” it is not obligated to require B.W. to testify. She 
certainly has no statutory or constitutional right to immunity simply because 
the State may or may not prosecute that person. I would, therefore, affirm the 
court of appeals’ holding that B.W.’s due process rights were not violated and 
deny her relief on this ground.  
III. Conclusion
            
While I would prefer a world in which such questions concerning the 
delinquent sexual conduct of minors would never arise, the reality is that these 
questions do arise, and we must answer them. I could not agree more that 
thirteen-year-old teenagers engaging in prostitution are victims of severe 
physical, sexual, and emotional scarring. But, exempting all of these minors 
from civil adjudication in the juvenile justice system—where treatment and 
rehabilitation are favored—when they commit the crime of prostitution imposes a 
broad policy on the State that is not supported by statute or legislative 
intent. The Legislature addressed the plight of minors such as B.W. by creating 
the juvenile justice system to offer a means, albeit not perfect, of hopeful 
rehabilitation. The Court globally declares that all thirteen-year-olds lack 
capacity to commit sex crimes and thereby precludes them all from any assistance 
through the juvenile justice system. I therefore respectfully 
dissent.
 
 
                                                                        
___________________________________
                                                                        
Dale Wainwright
                                                                        
Justice
 
OPINION DELIVERED: June 18, 2010






[1] Prior 
to the proceedings, a placement committee met and recommended two treatment 
facilities for B.W., one psychiatric and one geared towards children.

[2] The 
Legislature abolished the promiscuity defense effective September 1, 1994. Act 
of May 24, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. 
Gen. Laws 883, 918, repealed by Act of 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3618.

[3] The 
Juvenile Justice Code requires that a prosecutor review all juvenile referrals 
for “legal sufficiency and the desirability of prosecution.” Tex. Fam. Code § 53.012; see also In 
re S.B.C., 805 S.W.2d 1, 6–7 (Tex. App.—Tyler 1991, writ denied) (“[S]o long 
as the prosecutor has probable cause to believe that an accused committed a 
violation of an offense defined by statute, the decision whether to prosecute, 
what charges to file or bring before a grand jury, or even what form the 
prosecution is to take, rests entirely within the prosecutor’s discretion.” 
(citing Bordenkircher v. Hazes, 434 U.S. 
357, 364 (1978))).

[4] The 
Court states, “[t]hat a child under fourteen may be forced to engage in sex for 
a fee does not mean that the child may be prosecuted for that act.” ___ S.W.3d ___, n.1. First, a juvenile adjudication is not a 
criminal prosecution. Second, the Court bases its conclusion, in part, on the 
presumption that B.W. was compelled to commit prostitution, 
which is neither the facts nor the issue presented to this 
Court.

[5] Indeed, 
the Court would only allow adjudication of minors older than fourteen years old. 
This is because the sexual assault statute permits consideration of a victim’s 
consent if the minor is over fourteen. However, this consideration is limited to 
when the victim is between the ages of fourteen and seventeen and when the 
alleged perpetrator is within three years of the victim’s age. See Tex. Penal Code § 22.011(e). According to 
the Court’s logic, if B.W. had been arrested when she was fourteen (instead of 
thirteen) for soliciting sex in exchange for money from a person who was 
seventeen, she could be adjudicated for committing prostitution. But she could 
not be adjudicated for engaging in the same conduct if the person she solicits 
was eighteen (over three years older than B.W.).

[6] Sir 
Matthew Hale understood that the age of female discretion had generally been 
held to only extend to infants under ten. William Blackstone, 4 Commentaries *212.

[7] The 
Court cites: Coates v. State, 7 S.W. 304, 306 (Ark. 1888); Jones v. 
State, 640 So. 2d 1084, 1089 (Fla. 1994) (Kogan, 
J., concurring); Payne v. Commonwealth, 623 S.W.2d 867, 875 (Ky. 
1981); Collins v. State, 691 So.2d 918, 924 (Miss. 1997); Goodrow v. Perrin, 403 A.2d 864, 866 (N.H. 
1979); State v. Hazelton, 915 A.2d 224, 233-34 (Vt. 2006).

[8] No 
rational person would argue that any six-year-old could consent to 
sex.