# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00106-CR

**Mohsinuddin Saiyed, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 75571, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mohsinuddin Saiyed appeals his judgment of conviction on his open plea of guilty to the second-degree felony offense of sexual assault of a child under seventeen years old. *See* Tex. Penal Code § 22.011. After a hearing, the trial court assessed punishment at seventeen years' imprisonment. The trial court certified Saiyed's right of appeal.

Saiyed's court-appointed attorney has filed a motion to withdraw supported by a brief addressing this appeal and concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the record in this cause demonstrating why there are no arguable appellate grounds to be advanced. *See id.*; *see also Penson v. Ohio*, 488 U.S. 75, 80 (1988); *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972); *Gainous v. State*,

436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Counsel sent a copy of the brief to Saiyed, advised him of his right to examine the appellate record in this cause and to file a pro se brief, and supplied Saiyed with a form motion for pro se access to the appellate record.  *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).  After requesting and receiving an extension of time, Saiyed filed a pro se brief raising nine issues that we will address after briefly summarizing the testimony from Saiyed's punishment hearing.

**Testimony from Saiyed's punishment-hearing**

Following Saiyed's plea of guilty, the district court conducted a punishment hearing and heard testimony from Saiyed, his victim T.M. (who was his stepdaughter), and his ex-wife M.S. (T.M.'s mother).  T.M. testified that when she was fourteen, Saiyed first touched her "boobs."  She said that she told Saiyed doing that "was not right," and she said that if her mother saw him do that, her mother would say something to him.  T.M. recalled that over time, Saiyed's assaults progressed to other sexual activity, including oral sex and intercourse.  T.M. testified that she was too scared and ashamed to tell her mother initially.  But T.M. stated that after routine blood tests for a kidney infection revealed that she was pregnant, she told her mother what had been going on.  T.M. testified that Saiyed is the father of the baby.  T.M. also testified about difficulties in Saiyed's past relationship with her mother, including his physical violence towards her mother.

M.S. testified, corroborating her daughter's testimony about the discovery of her pregnancy and listing a number of the baby's health issues that arose from his premature birth at thirty-one weeks.  M.S. stated that Saiyed made regular monthly payments to help support the baby. She also stated that Saiyed provided her with a car and money for car repair and gas, but she stated

that the car was "nondriveable" and "needed work." M.S. testified that Saiyed had been physically abusive to her in the past and that domestic-violence classes and counseling seemed to help him, although he later became verbally abusive towards her. M.S. stated that she had difficulty remembering the year that she married Saiyed because the "left side of my brain is not fully developed so I'm not good with dates but I do remember events."

Saiyed testified about his remorse for his actions with T.M. and reiterated his guilt for those actions. He acknowledged that he spoke to a Harker Heights police detective, waived his rights, and "gave evidence against himself" because he committed the offense of "having sex with a minor." Saiyed also testified in response to several questions from the district-court judge about his guilt for the offense and his income from all sources that would be available for the baby's care and support.

**Issues in Saiyed's pro se brief are frivolous**

Saiyed's brief acknowledges his commission of the offense by noting in his statement of facts that "[o]n March 22, 2016, victim [T.M.], had [a] sexual relationship with Appellant at the time she was 16 years old, Appellant [was] charged with sexual assault of a minor." Saiyed then contends in nine issues that he received ineffective assistance of counsel, that M.S. and T.M. testified untruthfully, that T.M. engaged in promiscuous activities, and that M.S. "consented" to her daughter's assault. All of these issues are frivolous.

In his first five issues, Saiyed contends that his counsel provided ineffective assistance by misleading him about the sentence that he would receive, instructing him not to talk unless asked, telling him there was a fifteen-year deal and then an eight-year deal but later denying

there was any deal, and discussing "shock probation" with him even though he was ineligible for it, wasting the time for filing a motion for "retrial." Saiyed cites one case in support of these issues, *Adekanbi v. State*, No. 05-02-00521-CR, 2002 Tex. App. LEXIS 8512 (Tex. App.—Dallas Dec. 3, 2002, no pet.) (not designated for publication).

However, as *Adekanbi* states, to prevail on an ineffective-assistance claim, a defendant must show that his counsel's representation was deficient and that the deficient performance prejudiced the defense. *Id*. at *11 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Claims of ineffective assistance of counsel must be supported by the record, and where the record is silent regarding counsel's strategy or tactics, we will not speculate as to the basis for counsel's decision. *Id*. at *12 (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id*. (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). Here, we conclude that Saiyed's various claims of ineffective assistance of counsel lack merit because the record is silent as to his counsel's strategy or tactics and thus, Saiyed has not met his burden of showing deficient performance and prejudice. *See id*. at *17-18; *see also Strickland*, 466 U.S. at 687.

In his sixth issue, Saiyed contends that M.S. testified untruthfully about Saiyed's domestic abuse of her, about her disability, and about Saiyed providing her with a car that was "unrepairable." In his ninth issue, Saiyed contends that T.M. was afraid of her mother and testified untruthfully that her mother told Saiyed to "stop playing with [T.M.'s] boobs." These issues present challenges to the credibility of witnesses. We defer to the determinations of the factfinder—here,

4

the district court—as to the credibility of witnesses and the weight to be given to their testimony, and we do not substitute our judgment on these matters. *See Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015); *see also Quintana v. State*, No. 07-04-0086-CR, 2005 Tex. App. LEXIS 7243, at *7-8 (Tex. App.—Amarillo Aug. 31, 2005, no pet.) (mem. op., not designated for publication) (rejecting pro se appellant's challenges to credibility of witnesses at punishment hearing); *Grothe v. State*, No. B14-91-01088-CR, 1992 Tex. App. LEXIS 1734, at *5 (Tex. App.—Houston [14th Dist.] June 25, 1992, no writ) (not designated for publication) ("As the sole finder of fact at the punishment hearing, it is within the proper exercise of the trial court's discretion to determine the credibility of the witnesses and the weight to be given the evidence.").

In his seventh issue, Saiyed contends that M.S. "was aware [of] and consent[ed] to [the] sexual assault Appellant and victim had on 22nd March 2016." But Saiyed points to no evidence in the record, and provides no argument, supporting this contention. *See* Tex. R. App. P. 38.1(i) (requiring brief to contain clear and concise argument for contentions made with appropriate citations to authorities and to record).

In his eighth issue, Saiyed contends that T.M. engaged in "promiscuous activities." Saiyed does not explain this statement but cites to three cases addressing the former statutory defense of the victim's promiscuity. *See May v. State*, 919 S.W.2d 422 (Tex. Crim. App. 1996); *Hernandez v. State*, 861 S.W.2d 908 (Tex. Crim. App. 1993); *Rankin v. State*, 821 S.W.2d 230 (Tex. App.—Houston [14th Dist.] 1991, no pet.); *see* Former Tex. Penal Code § 22.011(d)(1) (containing "promiscuity defense"). However, the statutory "promiscuity defense" was repealed more than twenty-two years ago and does not absolve Saiyed of his criminal responsibility for the offense of

sexual assault of a child under seventeen, to which he pleaded guilty. *See May*, 919 S.W.2d at 423 n. 1 (noting that "promiscuity defense" in Texas Penal Code § 22.011(d)(1) was repealed effective September 1, 1994).

The issues in Saiyed's pro se brief fail to present a nonfrivolous ground for reversing his conviction on appeal. Having thoroughly reviewed the record and the briefs filed in this cause, we agree with counsel's assessment that this appeal is frivolous and without merit. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Counsel's motion to withdraw is granted. The judgment of conviction is affirmed.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Field and Bourland

Affirmed

Filed:  July 31, 2017

Do Not Publish